SUSSANNA DOUGLAS *vs.* SHEPARD NORWELL COMPANY.
NATHAN DOUGLAS *vs.* SAME.

Suffolk. January 16, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* In department store. *Evidence,* Matter of conjecture.

At the trial of an action against the proprietor of a department store by a customer in the store who tripped at the top of carpeted stairs between two departments and fell, the plaintiff in substance testified merely that she had tripped. There was no other witness who saw the accident. The plaintiff's husband testified that he examined the stairway a week after the accident and saw a seam running across a breadth of the carpet but that he made no measurements, that ten months after the accident he made another examination and found that about twelve inches from and parallel to the edge of the top step there was a ridge " about a quarter of an inch above the level of the other part of the carpet, —not abrupt, not cut right up direct," but coming up "gradually, the same as a mat would come," that there was some looseness about the carpet, and that conditions were the same on the occasions of both his examinations. The jury found that the carpet was not in a defective condition by reason of looseness. *Held,* that the evidence as to the ridge alone did not show negligence on the part of the defendant, and that the evidence as to there being any combination of ridge and looseness which would have constituted a defect was too conjectural to warrant its being submitted to the jury.

Two ACTIONS OF TORT, the first for personal injuries alleged to have been received on August 12, 1911, when the plaintiff tripped on stairs between the drapery department and the rug department in a department store maintained by the defendant in Boston. The second action was by the husband of the plaintiff in the first for consequential injuries. Writs dated March 5, 1912.

In the Superior Court the cases were tried together before *Fessenden,* J. It appeared that the rug department was on a lower level than the drapery department, and that there were three carpeted steps between them. The plaintiff Sussanna Douglas testified that she had been in the store for some time, and had made several purchases, among other purchases being a pair of new shoes, which she was wearing at the time of the accident; that she started to go down the steps from the drapery department to the rug department; that she approached the stairway from the drapery department and put her right foot on the carpet on or near the middle breadth in the drapery department at the top of the stairs and when she brought her left foot forward her toe caught in the carpet causing her to pitch forward down the steps and to land on her knees and to receive the injuries complained of.

The plaintiff in the second case testified that, in an examination of the stairway made a week after the accident, he saw "a seam in the middle breadth of the carpet running across the breadth;" that he made no measurements then, but that in June, 1912, he found a ridge about twelve inches from the top step, which was "about a quarter of an inch above the level of the other part of the carpet — not abrupt, not cut right up direct," but coming up "gradually, the same as a mat would come." He also testified that the carpet was in practically the same condition at the time of the two examinations. He testified also as to some looseness in the carpet. Witnesses for the defendant testified that no change was made in the carpet between the time of the accident and April or May, 1912, when the carpet was taken up and relaid.

At the close of the evidence the judge submitted to the jury the question, "Was the carpet on the steps in a defective or dangerous condition by reason of its being loose?" with a charge to

which no exceptions were taken by either party. The jury answered the question in the negative. The judge thereupon ordered a verdict for the defendant in each case, and the plaintiff alleged exceptions.

*H. F. R. Dolan,* (*J. H. Morson* with him,) for the plaintiffs.

*W. B. Luther,* for the defendant.

SHELDON, J. As the right to maintain the second of these actions depends upon the right of the first named plaintiff, we shall speak of her as the plaintiff.

It is now settled that the carpet was not in a defective or dangerous condition by reason of being loose. The slight ridge which was testified to could not have furnished evidence of negligence on the part of the defendant. *Jennings* v. *Tompkins,* 180 Mass. 302. The utmost height of the ridge was one sixteenth of an inch greater than the projection of the nail was claimed to be in that case. On the other hand, that was an abrupt projection, while this came up gradually and was uniform in its maximum elevation for about four inches. In itself it was certainly less dangerous and according to common observation afforded less evidence of negligence than was the case with that nail. See also *McGowan* v. *Monahan,* 199 Mass. 296, 298.

But the plaintiff has contended that the jury should have been allowed to pass upon the question whether the combined effect of the looseness of the carpet and the existence of the ridge might not have constituted a defect, and so afforded ground on which she could maintain her action. She was in the store by the defendant's invitation, and it owed her a duty to use reasonable care to keep the stairway and the carpet in a safe condition for her use. *Toland* v. *Paine Furniture Co.* 179 Mass. 501.

We are of opinion however that she cannot recover upon this ground. Upon all the evidence it is left a matter of conjecture whether such a combination as has been stated existed at all before the time of the accident, or if so, whether it could have been discovered and remedied by the exercise of reasonable care on the part of the defendant. In this respect the case is like *Norton* v. *Hudner,* 213 Mass. 257, and *Toland* v. *Paine Furniture Co.,* as that case was first presented, in 175 Mass. 476. How far these conditions, if already existing, were aggravated by the strain put upon the carpet when the plaintiff caught her toe in it and ·

fell is as uncertain as whether her fall was due to the cause now alleged, or to the fact that she was walking in a pair of new shoes which she had just purchased.

In view of the facts that the carpet was not defective or dangerous by reason of looseness, of the trivial character of the alleged ridge, and of the absence of evidence that before the accident there was here any defect which the defendant ought to have discovered and remedied, the verdict for the defendant was rightly ordered. Accordingly we need not consider whether the whole or any part of the testimony of the plaintiff's husband as to the condition of the stairs and carpet should have been stricken out.

*Exceptions overruled.*