BERTHA B. HATHAWAY *vs.* CHANDLER AND COMPANY, INCORPORATED.

Suffolk. December 7, 1917. — January 3, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In maintenance of store. *Evidence,* Competency.

In an action against the proprietor of a store by a customer for personal injuries sustained when the plaintiff caught her foot in a strip of matting about forty-five feet long, four feet wide and a quarter of an inch thick, it appeared that the store was well lighted and that the matting was of a kind in common use made of cocoanut fibre. The plaintiff testified that after she fell she noticed that for the space of about twelve inches the matting was raised at the centre, but there was no evidence that it did not lie smoothly on the floor up to the time that the plaintiff caught her foot and fell and there was no evidence that the matting was worn, defective or curled up. *Held,* that there was no evidence of negligence on the part of the defendant, the condition of the matting before the accident being wholly a matter of conjecture.

In the case above described the plaintiff offered to show that at a time after the accident another person fell over the same matting when it was in the same position that it was at the time of the accident and excepted to the exclusion of this evidence but afterwards waived her exception, and it was *said* that the evidence offered was clearly inadmissible.

TORT against a corporation carrying on a retail dry goods store at 151 Tremont Street in Boston for personal injuries sustained by the plaintiff on September 19, 1914, when she was present in the defendant's store by invitation as a customer and fell over a matting alleged to have been negligently and improperly placed and suffered to remain on the floor. Writ dated February 11, 1915.

The answer contained a general denial and an allegation that the plaintiff was not in the exercise of due care and that her negligence contributed to her injury.

In the Superior Court the case was tried before *Dana,* J. The plaintiff's evidence is described in the opinion, where also is stated the evidence offered by the plaintiff and excluded by the judge. At the close of the plaintiff's evidence the defendant produced and offered in evidence a strip of matting, which, it contended and the plaintiff admitted, was like that which lay on the defendant's floor and which the plaintiff testified caused the accident, and then rested its case without further evidence. At the request of the defendant the judge instructed the jury that the plaintiff as a matter of law was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. F. Perkins,* (*H. C. Haskell* with him,) for the plaintiff.

*C. S. Knowles,* for the defendant.

CROSBY, J. The plaintiff, as a customer of the defendant, was rightfully in its store by its invitation, and no contention is made that she was not in the exercise of due care when injured. The only question is whether there was any evidence which would warrant a finding that the defendant was negligent.

The plaintiff testified that as she was walking across the store with a friend her foot caught in a strip of matting upon the floor and she fell receiving the injuries complained of. She further testified that after she fell she saw the matting "looped up . . . that the center of the loop was from one and one half to two inches from the floor, and that about twelve inches in length of the edge of the rug was raised from the floor." The strip of matting was about forty-five feet long, four feet wide, and a quarter of an

inch thick, was green in color, and made of cocoanut fibre; there was evidence that it was of a kind in common and general use, and there was no evidence to the contrary.

The judge of the Superior Court rightly ruled that the plaintiff was not entitled to recover. Upon the evidence most favorable to her it seems plain that there was no negligence of the defendant. The case of *Toland* v. *Paine Furniture Co.* 179 Mass. 501, cited and relied on by the plaintiff, is clearly distinguishable from the case at bar. In that case the plaintiff caught her foot and fell over a rubber mat in a dimly lighted room. There was evidence that the mat was of cheap material, was much worn and curled up at the edge where she tripped, and was nailed down on each side. In the case at bar the evidence showed that the store was well lighted, and it did not appear that the matting was worn, defective or curled up; while the plaintiff testified that after she fell she noticed that for a space of about twelve inches the matting was raised at the centre for from one and a half to two inches from the floor, still there is no evidence whatever to show that it did not lie smoothly upon the floor up to the time the plaintiff caught her foot and fell.

The plaintiff's fall of itself is not evidence of negligence. As there is nothing to show that the edge of the matting was raised or was otherwise in a defective condition before the accident, there is no evidence of negligence on the part of the defendant. The condition of the matting before the accident does not appear; whether it was raised or lay smoothly on the floor is wholly a matter of conjecture. *Kelley* v. *W. D. Quimby & Co. Inc.* 227 Mass. 93. The cases of *Hendricksen* v. *Meadows*, 154 Mass. 599, *Morris* v. *Whipple*, 183 Mass. 27, *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18, and *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, are all distinguishable from the case at bar. See *McGowan* v. *Monahan*, 199 Mass. 296.

The plaintiff offered to show that at a time after the accident another person fell over the same matting while it was in the same position as that testified to by the plaintiff. This evidence was excluded and the plaintiff excepted. The exception has not been argued and may be treated as waived; the evidence was clearly inadmissible.

*Exceptions overruled.*