ANNA C. DUPUIS, administratrix, *vs.* TOWN OF BILLERICA.

Middlesex.    January 14, 1927.— June 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: defect.    *Negligence,* In use of highway.

At the trial of an action by an administrator against a town under G. L. c. 229, § 1, it appeared that the plaintiff's intestate was driving a motor vehicle along a way in a town at a speed less than fifteen miles per hour; that the way was macadam for a width of eighteen feet with a shoulder of gravel three feet wide extending along the left hand side as the intestate was going; that the intestate lessened his speed at a point where the road curved to the right and there were holes, the surface was "bumpy" on the inside of the curve and on the outside edge of the curve the macadam was ragged and broken and there was a rut in the curve at the edge of the macadam worn by machines in rounding the curve; that he there crossed the road from his right hand to avoid the bumps; that his left forward wheel dropped into the rut, ran about five feet in it, hit a ragged edge of the macadam extending into the gravel, and broke; that the car was overturned and the driver was killed; that the "dirt was all worn on the edge and there were holes broken along the edge of the macadam, six or seven inches deep in places"; and that this condition had existed for six or seven years.    The full legal limits of the way did not appear.    The defendant admitted that the injured man died instantaneously from injuries received upon a way which it was obliged to keep in repair; and that due notice was given as required by law.    *Held,* that

(1) It was for the jury to determine whether there was a defect in the way; whether the defect, if it existed, was in the travelled way or not; and whether the town "had previous reasonable notice of the defect";

(2) It was proper to refuse to order a verdict for the defendant.

At the trial of the action above described, the judge instructed the jury that "cities and towns are bound to keep their ways reasonably safe and convenient for travel generally, including that properly undertaken in automobiles . . . they are not liable for failure to make specific provisions required only for the safety of persons using automobiles . . . . The care as to repair of ways cast upon municipalities by the statutes has reference to all kinds of legitimate travel, including that rightly undertaken in automobiles. Although special provisions for their safety are not demanded, their presence cannot be ignored." *Held,* that

(1) The instructions correctly stated the law and requests for rulings on the subject therein treated were complied with so far as applicable;

(2) Rulings requested by the defendant, based upon safety of the

highway for horse drawn conveyances as a standard, properly were refused: the criterion is reasonable safety for general travel.

At the trial above described, the judge instructed the jury that the obligation of the town extended only to the travelled way, and did not "necessarily extend to the entire width provided in the layout," and added: "It is for you to say whether or not this defect, if it was a defect, was within the travelled part of the way or not; and if not, you are to consider whether it was a defect, if it was outside the travelled way. The macadam is not necessarily the travelled part of the way; the travelled part of the road may extend beyond; in any event it is a question for you gentlemen to determine what part of this highway was the travelled way upon all the evidence." *Held,* that the instruction properly construed in the circumstances could not be understood to permit recovery for a defect not in the travelled way.

TORT, under G. L. c. 229, § 1, for causing the death of Francis W. Dupuis. Writ dated June 9, 1924.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence and instructions by the judge are stated in the opinion. A motion by the defendant that a verdict be ordered in its favor was denied. The defendant asked for the following rulings:

"1. Upon all the evidence, the plaintiff cannot recover.

"2. If the way in question was at the time of the accident safe for travel, generally, although unsafe for automobiles, the verdict should be for the defendant.

"3. The defendant was required to keep the road safe for the passage of travellers with horses, teams, and carriages, and for foot passengers, and if the road was safe for this purpose, although unsafe for automobiles, the verdict must be for the defendant.

"4. If the road at the place of the accident was reasonably safe for travellers with horses, teams, and carriages, other than automobiles, there was no defect in the way and the defendant was not liable.

"5. Upon all the evidence in this case, the plaintiff has failed to show a defect in the way for which the defendant is liable.

"6. Upon all the evidence in this case, the way was as matter of law safe for travel, generally."

"8. If the plaintiff's intestate lost control of his automobile and did not regain it prior to its overturning, then,

unless the loss of control was solely due to a defect in the way, the plaintiff cannot recover.

"9. If the plaintiff's intestate lost control of his automobile and would have instantly regained control thereof had it not been for a defect in the way, the plaintiff cannot recover if the said plaintiff's intestate would have regained control had he been travelling in a horse and wagon."

"12. The law requires of one driving an automobile in the day time, such attention to the road as to see large ruts that are conspicuous, obvious, and in plain sight, and if the jury find that there was in this road a rut which was in plain view, and that the plaintiff's intestate ran his automobile into this rut and in consequence it overturned, he was not in the exercise of due care and the plaintiff cannot recover.

"13. The obligation on the part of the defendant to keep its public ways reasonably safe for travel does not necessarily extend to the whole width of the way. The mere existence of sand, or even an ordinary ditch at the edge of the way, is not a defect.

"14. If the plaintiff's intestate lost control of his automobile owing to a defect in the way, which was such a defect that it would not have affected one driving with a horse and wagon, the plaintiff cannot recover."

Except as covered by the instructions described in the opinion, the rulings were refused. The jury found for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*R. B. Walsh,* for the defendant.

*P. H. Ready,* for the plaintiff.

WAIT, J. This action was brought to establish liability under G. L. c. 229, § 1, which, so far as here pertinent, provides: "If the life of a person is lost by reason of a defect or want of repair . . . in or upon a way . . . the county, city, town or person by law obliged to repair the same shall, if it or he had previous reasonable notice of the defect or want of repair . . . be liable in damages . . . ." It is before us, after a verdict for the plaintiff, upon exceptions to a refusal to direct a verdict for the defendant; to the refusal to instruct the jury as requested; and to a portion of the judge's charge.

The motion to direct a verdict for the defendant was denied rightly. The defendant admitted that the injured man died instantaneously, without conscious suffering, from injuries received upon a way which it was obliged to keep in repair; and that due notice was given as required by law.

The evidence in its aspect most favorable to the plaintiff would sustain a finding of the following facts: The deceased was driving an automobile along the way at a speed less than fifteen miles an hour. The way was macadam for a width of eighteen feet with a shoulder of gravel three feet wide extending along the left hand side as the deceased was going. The full legal limits of the way do not appear. At a point where the road curves sharply to the right, and where there were holes and the surface was "bumpy" on the inside of the curve, where on the outside of the curve the edge of the macadam was ragged and broken, and where there was a rut in the gravel at the extreme edge of the macadam worn by machines in rounding the curve, he lessened his speed and crossed the road from his right hand to avoid the bumps. The left forward wheel dropped into the rut, ran about five feet in it, hit a ragged edge of the macadam extending into the gravel, and broke. The car was overturned and the driver was killed. "The dirt was all worn on the edge and there were holes broken along the edge of the macadam, six or seven inches deep in places." This condition had existed for six or seven years. There was evidence of a contrary nature.

It was for the jury to determine whether there was a defect in the way; whether the defect, if it existed, was in the travelled way or not; and whether the town "had previous reasonable notice of the defect."

The defendant was not prejudiced by the refusal to instruct as requested. The first request was improper. Common Law Rule 45 of the Superior Court (1923). It was dealt with on the motion which was denied. The second, third, fourth, ninth and fourteenth, were, in substance, given, so far as sound and applicable. The judge instructed the jury that "cities and towns are bound to keep their ways reasonably safe and convenient for travel generally, includ-

ing that properly undertaken in automobiles . . . they are not liable for failure to make specific provisions required only for the safety of persons using automobiles . . . . The care as to the repair of ways cast upon municipalities by the statutes has reference to all kinds of legitimate travel, including that rightly undertaken in automobiles. Although special provisions for their safety are not demanded, their presence cannot be ignored."

In this he was simply stating the law as established by this court. *Doherty* v. *Ayer*, 197 Mass. 241. *Kelleher* v. *Newburyport*, 227 Mass. 462. *Bond* v. *Billerica*, 235 Mass. 119, 121. *Ansell* v. *Boston*, 254 Mass. 208, 211. The criterion is reasonable safety for general travel, and not merely for horse drawn conveyances. The requests were improper in so far as they made the latter the standard for decision.

The fifth and sixth requests involve findings of fact from conflicting evidence. They were denied properly. There was no such evidence of lack of control by the driver of the car that the judge was required to give the eighth request. The jury were instructed that no recovery was possible unless the defect was the sole cause of the injury.

The thirteenth request is considered with the exception to the charge. The law is settled that a municipality or person charged with the duty of keeping a way reasonably safe for travel performs this duty if it maintains, within legal limits of the layout of the way, surfaces sufficiently extensive for the demands of traffic which are reasonably safe and convenient for general travel, although other parts are left unworked or insufficiently prepared. The traveller cannot complain if only so much of the full layout of the way is wrought for travel as is reasonably needed for the traffic. The liability does not extend to "obstructions or defects in portions of the highway not a part of the travelled path, and not so connected with it that they would affect the safety and convenience of those travelling on the highway and using the travelled path." *Kellogg* v. *Northampton*, 4 Gray, 65, 69, and cases cited. *Lynch* v. *Boston*, 186 Mass. 148, and cases cited.

The defect dealt with, in evidence and charge, was a rut in a gravel shoulder near a broken and uneven edge of macadam. There was no occasion for the judge to speak of sand or a ditch as a defect. The judge instructed the jury that the obligation of the town extended only to the travelled way, and did not "necessarily extend to the entire width provided in the layout," and added: "It is for you to say whether or not this defect, if it was a defect, was within the travelled part of the way or not; and if not, you are to consider whether it was a defect, if it was outside the travelled way. The macadam is not necessarily the travelled part of the way; the travelled part of the road may extend beyond; in any event it is a question for you gentlemen to determine what part of this highway was the travelled way upon all the evidence." The defendant excepted to this part of the charge, and contends that it permitted the jury to find against the town for injury from a defect which was outside the travelled way. Such is not the meaning. The words, "travelled way," mean in common speech as they were defined in *Weare* v. *Fitchburg*, 110 Mass. 334, 337: "We understand the travelled path to be that which, with the knowledge and acquiescence of the town, is used for public travel, within the located limits of the way." The judge pointed out that the macadam was not necessarily, as matter of law, the entire travelled way. He left it to the jury to decide whether the defect shown by all the evidence (if there was a defect) to be near the macadam and within the three feet width of the gravelled shoulder, was within the travelled way. If there was a defect, and if it was within the travelled way, liability existed. If there was none, or if a defect existed which was outside the travelled way, no liability arose. The charge, taken as a whole and in the light of all that the bill of exceptions sets out, cannot be understood to permit recovery for a defect not in the travelled way. No reversible error is shown.

*Exceptions overruled.*