MARY MAHONEY *vs.* THE GREAT ATLANTIC AND PACIFIC
TEA COMPANY.

Middlesex.   December 2, 5, 1929. — December 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of proprietor of store, Res ipsa loquitur.

Evidence, at the trial of an action for personal injuries against the pro-
prietor of a store, that a sled leaning against a three-foot radiator in
.the store fell and struck the plaintiff, a customer, who was standing
at the time two or three feet from the radiator, there being no evidence
that the sled was likely to fall, or that it was in an unsafe place, or
that the defendant or his agents touched it or caused it to fall, did
not warrant a finding of negligence on the part of the defendant; and
a verdict properly was ordered in his favor.

TORT.   Writ dated April 5, 1926.

Material evidence at the trial in the Superior Court be-
fore *Collins,* J., is stated in the opinion.   The defendant
rested at the close of the evidence for the plaintiff.   The
judge ordered a verdict for the defendant and reported the
action for determination by this court.

*E. B. Goldberg,* for the plaintiff, submitted a brief.

*J. E. Peakes,* for the defendant.

CARROLL, J.   The plaintiff, as a customer, entered a store
owned and occupied by the defendant.   She was at the time
fifteen years of age.   A sled, used by one of the defendant's
employees in delivering orders, was leaning against a three-
foot radiator in the front of the store near the entrance
door, which, when opened, would "just touch the end of the
radiator nearest it."   It did not appear that the door was
opened while the plaintiff was in the store.   There was evi-
dence that the sled fell and injured the plaintiff.   She testified
that she was at the time standing two or three feet from the
radiator; that she did not see the sled or the radiator "until
a few minutes after it threw her down."   There was evidence
that the plaintiff leaned against the sled and as she did so, it

fell to the floor. The judge directed a verdict for the defendant and reported the case.

We are unable to find any evidence showing negligence of the defendant. It was required to furnish a reasonably safe place for the use of those invited to its premises, *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401; but there is nothing to show that the store was unsafe or that there was negligence in permitting the sled to remain leaning against the radiator; and nothing to show that the sled was likely to fall or that it was in an unsafe place. No agent of the defendant touched the sled or by any act caused it to fall. The mere fact that it fell, in the circumstances shown in this record, was not evidence of negligence. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92, 94. The burden was on the plaintiff to prove some act of negligence by the defendant. The facts do not show that the defendant was careless. All that appears is that the sled fell and injured the plaintiff. This fact, with all the inferences to be fairly drawn from it, does not establish negligence. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6. See *Crone* v. *Jordan Marsh Co. ante,* 289. The plaintiff relies on *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18, *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, and similar cases. They are on the facts clearly distinguishable from the case before us.

· *Judgment on the verdict for the defendant.*