EMIL BEAUMIER *vs.* TOWN OF HEATH.

Hampden. September 22, 1932. — March 29, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Way*, Public: defect.

At the trial of an action under G. L. c. 84, § 15, against a town for damages alleged to have been caused by a defect in a public way, it appeared that the total assessed valuation of the town was about $500,000, that there were in it fifty-three miles of dirt roads and that the way in question was a remote country road very little travelled. There was evidence that the alleged defect was "a couple of rocks in the road . . . and sort of a hole . . . in between there . . . about six or seven inches deep," about a foot long and eight or nine inches wide; that the rocks were about six inches above the road and four or five inches wide; and that the one rock was bigger than a football and the other smaller; that there was about a foot between them; that an automobile, in which the plaintiff was riding on the back seat and which was proceeding at a speed of about seven miles per hour, jounced so badly in passing over such place that the plaintiff was thrown up against its top and injured; that the road in general and at the place of injury was described as having a lot of "cobblestones imbedded, but they were sticking out along the road . . . the size of an ordinary cocoanut; some a little larger, and some smaller . . . some of them would be out two or three inches and more. That is, there was a lot of this loose gravel. . . ." *Held*, that the evidence did not warrant a finding of the existence of a defect within the provisions of the statute.

At the trial above described, there was no evidence that the condition relied on by the plaintiff as a defect had been brought to the attention of any officer of the town. Apparently there was only one house in the neighborhood. So far as appeared the only person travelling over the road regularly was a milkman who testified that no such place existed as was described by witnesses for the plaintiff. *Held*, that the evidence did not warrant a finding that the plaintiff had sustained the burden upon him of showing that the defendant either had or by the exercise of proper diligence might have had reasonable notice of the alleged defect in season to remedy it.

TORT under G. L. c. 84, § 15, for personal injuries sustained, as described in the opinion, on October 20, 1929. Writ dated November 26, 1929.

In the Superior Court, the action was tried before *C. H. Donahue*, J. Material evidence is described in the opinion. A verdict for the plaintiff in the sum of $350 was recorded with leave reserved under G. L. (Ter. Ed.) c. 231, § 120. Thereafter the judge ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. Egan*, for the plaintiff.

*C. Fairhurst*, for the defendant.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by him while riding on the back seat of an automobile, owned by another, on a Sunday afternoon in the latter part of October on a highway in the defendant town. The evidence in its aspect most favorable to the plaintiff tended to show that the place where the accident happened is about a mile from the Vermont line on a gravel, narrow, back country road in an exceedingly stony country travelled very little and some days not at all. Vehicles had to follow one rut. The sides of the road sloped to let the water run off. Two automobiles could not pass. The condition of the road in general and at the place of injury was described as having a lot of "cobblestones imbedded, but they were sticking out along the road . . . the size of an ordinary cocoanut; some a little larger, and some smaller . . . some of them would be out two or three inches and more. That is, there was a lot of this loose gravel. . . . There were larger stones" where the accident happened. The precise place of the accident was described as "a couple of rocks in the road . . . and sort of a hole, a hole right in between there, and the hole was about six or seven inches deep," about a foot long and eight or nine inches wide. The rocks were about six inches above the road and four or five inches wide. One rock was bigger than a football and the other smaller, and there was about a foot between them. It was simply a hole between the two rocks six or seven inches deep. There

was much testimony of a contrary nature. There was testimony that in passing over this place the rear of the automobile jounced so badly that the plaintiff was thrown up against its top and injured. The total assessed valuation of the defendant town was about $500,000 and there were in it fifty-three miles of dirt roads. The speed of the automobile was said to be at the rate of ten to fifteen miles an hour but just before the accident it was reduced to about seven. The party had travelled over the same road earlier in the day and the plaintiff had then observed the condition of the road. The fair interpretation of the testimony most favorable to the plaintiff is that the so called "hole" was the space between the top of two protruding rocks and the earth between them estimated to be from five to seven inches.

There was no evidence that this condition had been brought to the attention of any officer of the town. Apparently there was only one house in the neighborhood. So far as appears the only person travelling over the road regularly was a milkman who testified that no such place existed as was described by witnesses for the plaintiff.

After verdict for the plaintiff, the trial judge under leave reserved but subject to the plaintiff's exception directed that a verdict be entered in favor of the defendant. G. L. (Ter. Ed.) c. 231, § 120. Therefore the defendant is entitled to invoke support for that direction on any ground. *Proctor* v. *Dillon,* 235 Mass. 538, 540.

It is provided by G. L. (Ter. Ed.) c. 84, § 1, that "Highways and town ways shall, unless otherwise provided, be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers, with their horses, teams and carriages at all seasons." These statutory words are the same as were used for many years before the automobile was thought of. Respecting the liability imposed by this statute it was said in *Raymond* v. *Lowell,* 6 Cush. 524, at pages 534–535: "Towns and cities are bound to exercise ordinary care and diligence, to keep the highways and streets reasonably and relatively safe and convenient. . . . Some roads are laid over very

stony ground; some over hilly ground; some through woods; some are much, and some are little travelled; . . . towns are required to use ordinary care and diligence to keep them safe and convenient, according to the circumstances of each particular case." In *Rust* v. *Essex*, 182 Mass. 313, 314, occurs this statement that "the presence in the wrought path of a country road of a single stone" protruding to a height of six inches, about ten inches in width across the road and fifteen inches in length with the road, "not being in the usual wheel track, would not justify a finding that the way was defective. So placed, the stone would not be dangerous to travellers on foot, to equestrians, or to persons riding in ordinary vehicles. It is not the intention of the statute to require the removal of all such stones from the wrought way upon country roads." Said Knowlton, C.J., speaking for the court in *Doherty* v. *Ayer*, 197 Mass. 241, 246: "An automobile is not a carriage within the meaning of . . . R. L. c. 51, § 1 [G. L. (Ter. Ed.) c. 84, § 1]. Persons may lawfully ride in automobiles, as they may lawfully ride on bicycles, and cities and towns are bound to keep their ways reasonably safe and convenient for travel generally, including that properly undertaken upon such vehicles. . . . But if their ways are reasonably safe and convenient for travel generally, they are not liable for a failure to make special provisions, required only for the safety and convenience of persons using automobiles or bicycles."

The alleged defect in the case at bar was on a remote country road in a small town abounding in rocks with a small assessed valuation and with many miles of road. To maintain such roads in a condition so that automobiles can pass over them without unusual jounces would impose an impracticable burden upon such a town. We are of opinion that the circumstances here revealed come within the authority of the cases just cited and did not constitute an actionable defect. See also *Neilson* v. *Worcester*, 219 Mass. 88; *Cannon* v. *Brookline*, 256 Mass. 468.

The burden was upon the plaintiff to show also that the defendant either had or by the exercise of proper diligence

might have had reasonable notice of the alleged defect in season to remedy it. *Hamilton* v. *Cambridge*, 219 Mass. 418. *Taylor* v. *Sterling*, 250 Mass. 123. *Stone* v. *Boston*, 280 Mass. 31. The facts distinguish the decision in *Thompson* v. *Bolton*, 197 Mass. 311. We think that in the case at bar too much was left to conjecture on this point also.

*Exceptions overruled.*