JOSEPH J. ZACHARER *vs.* TOWN OF WAKEFIELD.

STEPHANIE A. ZACHARER *vs.* SAME.

ELIANE MOLONEY *vs.* SAME.

JOHN B. MOLONEY *vs.* SAME.

Middlesex.    April 1, 1935. — May 14, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Way*, Public: defect. *Practice, Civil*, Exceptions: form of bill.

Evidence that in many places in a public way having an asphalt surface and gravel shoulders the edge of the asphalt had broken away, because of traffic and the weather, leaving depressions of various depths up to three and one half inches and of various widths up to six inches or a foot, together with photographs disclosing nothing uncommon or apparently dangerous, did not warrant a finding that the way was defective, within the meaning of G. L. (Ter. Ed.) c. 84, § 15, with respect to persons travelling over it by motor vehicle.

The dismissal of a bill of exceptions was not required, in the circumstances, by the fact that part of the evidence therein was set forth in question and answer form.

FOUR ACTIONS OF TORT. Writs in the first two actions dated October 10, 1932, and in the second two actions June 20, 1933.

The actions were tried together in the Superior Court before *Greenhalge*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There were verdicts for the plaintiffs in the sums, respectively, of $1,000, $775, $25 and $500. The defendant alleged exceptions. Two of the plaintiffs moved in this court to dismiss the bill of exceptions.

The cases were submitted on briefs.

*M. E. S. Clemons & M. G. Clemons*, for the defendant.

*J. J. Bruin & F. C. Zacharer*, for the plaintiffs Zacharer.

*T. M. A. Higgins*, for the plaintiffs Moloney.

LUMMUS, J. The plaintiff Stephanie A. Zacharer, on the fine morning of August 2, 1932, was operating on Lowell Street in Wakefield at a speed of twenty-five or thirty miles an hour an automobile in which were riding her two children, the two Moloney children, and two others. Suddenly, she testified, the right wheel seemed to get caught in the road, the steering wheel jerked out of her hand, and the automobile ran off the road to the right and into a telegraph pole located three feet from the asphalt surface of the road, which was eighteen feet wide. At the edge of the asphalt was a shoulder of gravel three or four inches lower than the asphalt.

A child who was one of the passengers testified that one of the Zacharer children asked for a sandwich, the operator reached back to get it, and then the accident happened. The operator testified more favorably to the cases of all the plaintiffs. She attributed the accident to the "ragged edge" of the asphalt adjoining the gravel shoulder. In many places the edge of the asphalt had broken away, because of traffic and the weather, leaving depressions of various depths up to three and one half inches and of various widths up to six inches or a foot. There were also depressions towards the middle of the road, two to six inches deep, and six inches

to a foot wide, but there was no evidence that any of these had to do with the accident.

The testimony, as well as common knowledge, shows that edges similar to those described are common upon roads having an asphalt surface and gravel shoulders. Photographs taken on the afternoon of the accident disclose nothing uncommon or apparently dangerous. It is not to be expected that operators of automobiles will make a practice of driving along the very edge of the asphalt. To impose liability upon a town, an accident must be caused by "a defect or a want of repair . . . in or upon a way" which "might have been remedied by reasonable care and diligence on the part of the . . . town." G. L. (Ter. Ed.) c. 84, § 15. The duty to repair is merely a duty to keep the way reasonably safe and convenient for general travel. *Dupuis* v. *Billerica*, 260 Mass. 210, 214. *Beaumier* v. *Heath*, 282 Mass. 312, 315. Perfection is not required. A majority of the court think that no defect, continuing to exist by negligence of the town, could have been found upon the evidence, and that the refusal to direct verdicts for the defendant was error. *Rust* v. *Essex*, 182 Mass. 313. *Beaumier* v. *Heath*, 282 Mass. 312. *Rowett* v. *North Adams*, 288 Mass. 50. See also *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194. In *Dupuis* v. *Billerica*, 260 Mass. 210, in which the facts were superficially not unlike those in the present case, the holes at the edge of the road were much deeper, there was a rut, and there were no photographs to show how innocuous the condition of the road really was. In *Bond* v. *Billerica*, 235 Mass. 119, the real cause of the injury was the want of a railing.

There is nothing in the point taken by some of the plaintiffs, that the defendant's exceptions ought to be dismissed because a part of the evidence is set forth by question and answer. It is true that Rule 73 of the Superior Court (1932) requires the exceptions to be "reduced to writing in a summary manner." *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381. *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534. But the present bill of

exceptions comprises only sixteen printed pages, and is not unduly long. Most of the evidence is reduced to brief narrative form.

*Motion to dismiss exceptions denied.*
*Exceptions sustained.*
*Judgment in each case for the defendant.*