Pettingell, J.
Action of tort in which a passenger in an automobile seeks to recover for injuries alleged to have been caused by a defective condition of the highway. In the *54 District Court, there was a finding for the plaintiff. The report states that .it contains all the material evidence.
The defendant, as appellant, contends that the case of Zacharer v. Wakefield, 291 Mass. 90, decides that, as matter of law, a hole or depression in the highway, caused by a breaking away of the macadam surface of a road where it joins the dirt shoulder, is not a defect; the plaintiff, for his part, contends, that it is a matter of fact, following Dupuis v. Billerica, 260 Mass. 210, and that Zacharer v. Wakefield, supra, was a decision upon the facts of the particular case and not the promulgation of a new principle of liability or the lack of it.
The evidence before the trial judge showed the existence of three holes which he found to be the “sole cause of the accident”. Two of these were at the edge of the macadam, extending into the macadam 1.2 feet in one case and 1 foot in the other. The third, if the scale on the plan furnished by the defendant means anything, was approximately two feet away from the edge of the macadam and was 1.3 feet long, 8 inches wide and 2% inches deep. These holes are substantially the same sizes as the holes described in Zacharer v. Wakefield, supra.
Dupuis v. Billerica, supra, decides that whether or not the condition complained of is a defect is a question of fact. Such has always been the law, Mason v. Winthrop, 196 Mass. 18, at 19, 20; Witham v. Boston, 262 Mass. 291, at 292; Mahoney v. Worcester, 265 Mass. 94, at 96. There have always been, however, exceptions to the rule. Where there is no dispute as to the facts or the inferences to be drawn therefrom, the question is one of law for the court, Upham v. Boston, 187 Mass. 220; Mason v. Winthrop, 196 Mass. 18, at 20, 21; and it has always been the law that the alleged defect may be by nature and extent so infinitesimal that as *55 matter of law it cannot constitute a defect. Jennings v. Tompkins, 180 Mass. 302; Mullin v. Boston Elevated Railway, 185 Mass. 522, at 525; McGowan v. Monahan, 199 Mass. 296, at 298, 299; Douglas v. Shepard Norwell Co., 217 Mass. 127, at 129; Johnston v. Fainstein, 219 Mass. 537, at 539; Patrick v. S. S. Kresge Company, 288 Mass. 194, at 196; Corthell v. The Great A. & P. Company, 291 Mass. 242, at 244.
In cases involving alleged defects in highways, the application of this latter principle is not unknown. Newton v. Worcester, 174 Mass. 181, at 188; Burke v. Haverhill, 187 Mass. 65, at 66, 67; Strong v. Haverhill Electric Co., Mass. Adv. Sh. (1938) 345, at 346; Vellante v. Watertown, Mass. Adv. Sh. (1938) 793, at 794. In such cases, also, there is frequently the application of another principle, that perfection is not required of cities and towns in the performance of their statutory duty to maintain highways in repair, Vellante v. Watertown, Mass. Adv. Sh. (1938) 793, at 794; Rust v. Essex, 182 Mass. 313, at 314; Beaumier v. Heath, 282 Mass. 312, at 315.
The decision in Zacharer v. Wakefield, supra, we think is based upon the combination of the two principles last stated, which, we are of opinion, are determinative of the present case. The holes complained of in the present are of the same kind and location as in Zacharer v. Wakefield, and are of no greater size or depth. They would create no substantial danger except for an automobile proceeding with some degree of speed. The defendant was under no obligation to keep its ways in repair to safeguard travel by automobiles. In Dupuis v. Billerica, 260 Mass. 210, at 214, the court said “The criterion is reasonable safety for general travel, and not merely for horse drawn conveyances”. It ha§ been held several times that special *56 provisions are not required of cities and towns for travel by automobile. Doherty v. Ayer, 197 Mass. 241, at 244, 246; Kelleher v. Newburyport, 227 Mass. 462, at 464; Beaumier v. Heath, 282 Mass. 312, at 315. Zacharer v. Wakefield is decisive that this particular condition of a way does not constitute an actionable defect, although under some conditions it may cause damage to automobiles. Nor do we think that the hole two feet from the edge was deep enough to constitute a defect, dangerous to general travel. Holes of such a size are found in great, numbers in many rural roads. To repair them completely to make smooth riding for automobiles, would impose too great a burden upon a city or town.
. There was prejudicial error in the denial of the defendant’s second requested.ruling.
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.