Pettingell, P. J.
Consolidated report of two cases tried together, the plaintiff, Imelda Foote, being a patron of the defendant’s theatre, who sues to recover for personal injuries alleged to have been caused by a defective condi *20 tian of the defendant’s premises; the other plaintiff, Ralph W. Foote, her husband, sues for consequential damages. There was a finding in the District Court for each plaintiff. The defendant brings the cases to this Division alleging error in the denial of three requests for rulings filed by it as follows:
“1. There is not sufficient evidence to warrant a finding for the plaintiff.
“2. There is not sufficient evidence to warrant a finding that the defendant was negligent.
“3. There is not sufficient evidence to warrant a finding that there was any defect in the premises the presence of which was known or. should have been known to the defendant. ’ ’
The evidence of the plaintiff wife’s fall and injury must be taken in its aspect most favorable to the plaintiffs, following the findings for them. Winchester v. Erickson, 281 Mass. 210, at 212. Laroche v. Singsen, 281 Mass. 369, at 370. Horowitz v. State Street Trust Co., 283 Mass. 53, at 61. Dillon v. Framingham, 288 Mass. 511, at 513. There was testimony that as she approached a flight of stairs by which she was to descend to the floor below, the carpet on which she was walking was “loose and wrinkled or patched” and she tripped and fell. There was evidence, also, that the carpet “was loose and folded or patched,” causing her to fall. The plaintiff testified that after the fall she returned to the head of the stairs and found “that there was a wrinkle” in the carpet at that point, that the carpet was loose and could be “moved back and forth,” by hand. This is all the evidence that there is in the report regarding the existence of a defect and describing it.
Looseness of a carpet was considered as a possible defect in Douglas v. Shepard Norwell Co., 217 Mass. 127, at 129, 130, and was a material factor in Tovey v. G. E. Lo *21 throp Theatres Co., 288 Mass. 346, at 348. In the latter case, however, there was evidence of its “worn and torn state” and the verdicts for the plaintiffs undoubtedly rest upon that condition as much as upon the looseness. In Robitaille v. Netoco Community Theatre, 305 Mass. 265, at 266, looseness was an important factor, but there was evidence that the looseness of the carpet had figured earlier in the fall of another patron, following which the looseness had been repaired, perhaps insufficiently, by refastening the carpet with tacks. In other cases based on falls caused by the condition of a carpet, there was evidence a curled up condition of the edge of a mat which had been tacked down but had pulled some of the tacks out of their holes, the tacks being rusty and the tack holes filled with dirt. Toland v. Paine Furniture Co., 179 Mass. 501, at 504; in Poulos v. Labbee, 291 Mass. 107, the carpet was “worn and torn.”
In the case now under consideration there was evidence of a looseness of the carpet, a wrinkled condition and a patched condition. Not every imperfection or worn condition of the premises, however, constitutes a defect. The defective condition has to be beyond the stage of insignificance. In Jennings v. Tompkins, 180 Mass. 302, a nail projecting three-sixteenths of an inch on a step, was held not to be a defect creating liability. McGowan v. Monahan, 199 Mass. 296, at 298, 299. Johnson v. Fainstein, 219 Mass. 537, at 539. Murray v. Lincoln, 277 Mass. 557, at 558. Frappier v. Lincoln Stores, Inc., 279 Mass. 14, at 15. Rowell v. North Adams, 288 Mass. 50, at 51. Patrick v. S. S. Kresge Co., 288 Mass. 194, at 196. Zacharer v. Wakefield, 291 Mass. 90, at 92. Vellante v. Watertown, 300 Mass. 207, at 208.
There is no evidence in the report of the number of wrinkles or their size, thickness or height. Although there is evidence of the age of the carpet, nine years, and that it was *22 patched and folded, there is no evidence of the size of the patches or folds, of projections or edges made by the patches or folds, or of any threadbare, torn or worn condition of the carpet folds or patches. Two photographs of the carpet which were exhibits in the District Court, were exhibited to us but they do not show any defective condition, or any wrinkles or patches. In the last analysis of the evidence the case comes down to a consideration of the loose condition of the carpet as a possible defect. After the accident it could be moved by hand, but there is no evidence whether the looseness existed to that degree before the accident or was caused by the fall itself. Hathaway v. Chandler, 229 Mass. 92, at 94.
The only evidence that there is as to the condition of the carpet comes from what the plaintiff saw and felt as she approached the stairs and what she saw after the fall. What the condition of the carpet was before the plaintiff’s fall is a matter of conjecture. There is no evidence that it was so bad or that the defective condition had existed for such a length of time, that the defendant should have known of the looseness. The fall itself is not evidence of negligence. Hathaway v. Chandler & Co., 229 Mass. 92. Evidence that the carpet was wearing to a point where it had a tendency to become defective is not evidence of a defect. Monies v. Lynn, 12 Mass. 442, at 443, 444. Monies v. Lynn, 124 Mass. 165, at 169, 170, 171. Post v. Boston, 141 Mass. 189, at 192. Miller v. North Adams, 182 Mass. 569, at 571. Such defective condition as there was, is not in our opinion sufficiently described to fasten liability upon the defendant. There is not sufficient evidence of a defective condition serious enough to take the case out of the rule of Jennings v. Tompkins, 180 Mass. 302, and the cases which follow it. There was no evidence of the existence of a defective condition before the plaintiff fell, sufficient to charge the defendant *23 with notice. In our opinion the case is governed by such cases as Toland v. Paine Furniture Co., 175 Mass. 476, at 477. Douglas v. Shepard Norwell Co., 217 Mass. 127, at 129. Hathaway v. Chandler Co., 229 Mass. 92, at 94. Robitaille v. Netoco Community Theatre, 305 Mass. 265, at 266, 267, 269.
It was prejudicial error to deny the defendant’s three requested rulings.
As the actions were tried together and the evidence in the case of the plaintiff husband was the same as that in the case of the plaintiff wife, the husband cannot recover, as the evidence will not permit a recovery by her. The husband must show that his wife had a cause of action against the defendant, for the liability of the defendant to him rests upon the same basis as does the defendant’s liability to the wife. Detore v. Demers Bros., Inc., Mass. Adv. Sh. (1942) 1743, at 1744.
The finding for each plaintiff is to be vacated and judgment in each case is to be entered for the defendant.