IMELDA FOOTE *vs.* WALTHAM NETOCO THEATRES, INC.
(and a companion case [1]).

Middlesex.    October 7, 1943. — October 28, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence*, Theatre, One owning or controlling real estate.

Evidence merely that a carpet, which had been laid for nine years, completely covered the mezzanine floor of a theatre and was "loose and wrinkled or patched" and moved as a patron walked on it, causing him to fall, even if it disclosed a defective condition of the carpet, did not warrant a finding that the defect had existed so long that the proprietor of the theatre knew or should have known of it and therefore did not warrant a finding of negligence on his part toward the patron.

TWO ACTIONS OF TORT.   Writs in the Second District Court of Eastern Middlesex dated January 19, 1942.

The cases were heard by *Duane, J.*

*J. C. Collins*, for the plaintiffs.

*J. W. Blakeney, Jr.*, for the defendant.

Cox, J.   The plaintiff in the first action, hereinafter referred to as the plaintiff, seeks to recover damages for personal injuries alleged to have been sustained by her in the defendant's theatre.   The plaintiff's husband seeks to recover consequential damages in the second action.   The cases were tried before a judge of a District Court who found for each plaintiff.   The Appellate Division was of opinion that there was error in the denial of certain requests for rulings, and ordered the finding vacated and judgment entered for the defendant in each case.   The plaintiffs appealed.   We take the evidence in its aspect

───────

[1] The companion case is by Ralph W. Foote against the same defendant.

most favorable to the plaintiffs.   *Dillon* v. *Framingham*, 288 Mass. 511, 513.

It could have been found that the plaintiff was a patron of the defendant's theatre, and that, as she was about to proceed down the stairway from the mezzanine floor, she fell.   The mezzanine floor was covered with carpeting from wall to wall, as was the entire length of the stairway.   The plaintiff testified that, although there was no observable defect of any kind in the carpeting, it moved under her heel as she approached the stairway causing her to slip or to be thrown forward.   The mezzanine floor and stairway were brightly lighted at the time and at the place of the accident.   The plaintiff had been in the theatre many times before, had used the stairway before, and had never on any occasion observed any defect in the carpet, which was laid directly over a wooden floor, where it had been for approximately nine years.   The plaintiff testified that shortly after she was injured, she returned to the place where she fell and that the carpet, which had a wrinkle in it at that place, could be moved back and forth.   There was other evidence coming from the plaintiff that the carpet was "loose and wrinkled or patched," and that it was "loose and folded or patched."   The carpet that was attached to the mezzanine floor was several times longer and wider than the width of the stairway.   The report contains no evidence from which any other permissible findings could be made relative to the condition of the carpet.

The requests for rulings that were denied were that there was not sufficient evidence (1) to warrant a finding for the plaintiff, (2) to warrant a finding that the defendant was negligent, and (3) to warrant a finding that there was any defect in the premises that was known or should have been known to the defendant.   The trial judge found that the carpet was in a dangerous and unsafe condition, and that the defendant knew or should have known about it.

We assume, without deciding, that the carpet was defective as the judge found.   See *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127, 129, and cases cited; *Downing* v. *Jordan Marsh Co.* 234 Mass. 159; *Pastrick* v. *S. S. Kresge Co.* 288

Mass. 194, 196, and cases cited.    Nevertheless, we are of opinion that upon this record it could not have been found that the defendant knew, or in the exercise of reasonable care ought to have known, that the condition of the carpet where the plaintiff fell required that it be remedied.    See *Toland* v. *Paine Furniture Co.* 175 Mass. 476.    Apart from the fact that the carpet had been laid for nine years, which fact standing alone does not help the plaintiff, there was no description in detail of the condition of the carpet except as hereinbefore set out.    There was no evidence that anyone before had observed the condition disclosed by the record.    See *Robitaille* v. *Netoco Community Theatre of North Attleboro, Inc.* 305 Mass. 265, 266.    The plaintiff herself testified that although she had used the stairway before, she "never on any occasion observed any defects in the carpet."    The carpet was attached to the mezzanine floor and there is nothing from which it could be found that it had ever become detached.    See *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 347–348, and cases cited.    Nothing is disclosed by the record as to the nature and extent of the wrinkle in the carpet.    See *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127, 129; *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92, 94, and cased cited.    In short, we are of opinion that, assuming that the condition disclosed constituted a defect, it could not have been found by inference or otherwise that it had existed so long that the defendant knew or ought to have known of it; and that, accordingly, there was no evidence warranting the finding that the defendant was negligent.

*Orders of judgments for defendant affirmed.*