BRISK WATERPROOFING CO., INC. vs. DIRECTOR OF THE DIVISION OF BUILDING CONSTRUCTION. November 4, 1958. Order sustaining demurrer affirmed.

It is alleged in the petition for a writ of certiorari that the petitioner filed a subbid for the waterproofing work on a building for which sealed bids had been publicly invited on August 6, 1957, by the division of building construction (hereinafter called the division) of which the respondent is director; that three bids were received; that the respondent rejected two of these as from subbidders who had not shown their competency to do the work; and that the respondent also rejected the petitioner's bid. General Laws c. 149, § 44D, as appearing in St. 1956, c. 679, § 1, provides that "the awarding authority shall reserve the right to reject any sub-bid . . . if it determines that such sub-bid does not represent the *sub-bid of a person competent to perform the work* . . . or that only one *such* sub-bid was received and that the price is not reasonable for acceptance without competition" (emphasis supplied). The word "such" obviously refers to a "sub-bid of a person competent to perform the work." In *James Constr. Co. Inc.* v. *Commissioner of Pub. Health*, 336 Mass. 143, 145, a similar situation arose under G. L. c. 149, § 44C (E), as appearing in St. 1954, c. 645, § 3. The relevant language of the former § 44C (E) is comparable to that now found in § 44D, and the *James Constr. Co.* case appears to have treated the rejection of all subbids as proper in the absence of allegations, not here present, that the awarding authority failed to follow the procedure prescribed by the Legislature. Under § 44D, it was open to the division, having before it only one subbid from a person competent to perform the work, to reject it if it found that the price was not reasonable for acceptance without competition. *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading*, 334 Mass. 252, 258, does not require a different result. In that case, this court had no occasion to consider the situation of fact presented in this case and in the *James Constr. Co.* case.

*Sidney Weinberg*, for the petitioner.

*Joseph H. Elcock, Jr.*, Assistant Attorney General, for the respondent.

*Joseph M. Corwin, Sally A. Corwin, & Elhanan C. Stone*, by leave of court, submitted a brief as amici curiae.