*Northern District*

No. 7649

**JAMES HOLMES, p/p/a**

**v.**

**ZAYRE CORPORATION**

Argued: —————. - Decided —————.

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Dewey, J.* in the First District Court of Eastern Middlesex No. 1843 of 1969.

**Parker, P.J.** The plaintiff a minor child p/p/a his father, in this action of tort seeks to recover for injuries received by him when a customer in the defendant's store. The declaration is in two counts, one based on nuisance and the other on negligence. The defendant's answer, in its material parts, was a general denial, contributory negligence, and that the plaintiff's injuries were not caused by any person for whose conduct the defendant was responsible.

At the trial the defendant stipulated it was a corporation, in control of the premises and at

the time of the accident the plaintiff's mother was a business invitee.

**There was evidence before the trial court that** the plaintiff's mother, his sister, and the plaintiff, aged six, were in the defendant's store on 29 January 1965 at 8:45 p.m. The plaintiff was to the left and slightly behind his mother, and she could see him at all times. There was in the defendant's store a masonite board, with holes it it, approximately four by seven feet which held power saws, drills and sanders attached to prongs projecting from the holes in the board. These tools weighed four to five pounds each and there were approximately one dozen tools on the board. The board was not fastened to the wall or anything, but was leaning against the wall at an angle of approximately 45°. The mother did not see the board fall. She had turned her head to the right for a few seconds, heard a cry, turned her head to the left and saw the board on top of the plaintiff. There was evidence given by the plaintiff himself, that he was looking at his mother when the board fell on him, and that he did not climb on the shelf, was not playing or running around and that he did not touch the board before it fell. The report states that the plaintiff was injured as a result of being struck when the board toppled on him.

The defendant seasonably filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants, were negligent.

2. The evidence does not warrant a finding other than the negligence of the plaintiff contributed in whole in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injury and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

All these requests were denied by the court.

The court found for the plaintiff on each count and assessed damages in the amount of $690.47 on each count including interest. The judge also found that the defendant was negligent, that the plaintiff was in the exercise of due care and that, since counts one and two were for the same cause of action the plaintiff was to have one satisfaction of his damages as assessed.

The defendant claims to be aggrieved by the denial of its requests 1, 2, 3 and 4.

There is nothing to show how the board fell on the plaintiff. The board with the tools on it was leaning against the wall at an angle of 45°. It was four by seven feet, but there is no evidence as to how it fell. Nobody saw it fall. The mother saw the board on top of the plaintiff a few seconds after she heard a cry. There was no evidence as to how long the board had been leaning against the wall, or how it got there. The incident happened after 8:45 p.m. and cus-

tomers may easily have moved it. The evidence shows no more than that a display device, not shown to be defective, fell on the plaintiff. There was nothing to show that there was negligence in permitting the board to remain leaning against the wall and nothing to show that the board was likely to fall. There was no evidence that any agent of the defendant put it against the wall. There is no evidence to show where the board was leaning against the wall. There is nothing to show if it was in the aisle or in a place where customers could reasonably be expected to go.

As far as Count Two for negligence, is concerned the case is controlled by *Counihan* v. *Jordan Marsh Co.*, 338 Mass. 784, 796. *Mahoney* v. *Great Atlantic and Pacific Tea Co.*, 269 Mass. 459. *Parker* v. *Jordan Marsh Co.*, 310 Mass. 227, 229.

Some latitude is to be allowed the proprietor of a store in the display of goods in a manner consistent with the nature of the goods and of the business. *Adriance* v. *Henry Duncan Corp.*, 291 Mass. 202, 204.

The evidence was not sufficient to warrant a finding for the plaintiff on Count Two.

As to Count One, alleging maintenance of a nuisance, the evidence did not warrant a finding for the plaintiff. There was no evidence as to how long the board had been left in the position. There was no evidence to show that the defendant was at fault, and, as stated above, the evi-

dence was not sufficient to show that the defendant was negligent. There was no evidence of intentional injury to the plaintiff or any person shown by any action of the defendant. *Stewart v. Worcester Gas Light Co.,* 341 Mass. 425, 431-32. *Ted's Master Service, Inc.* v. *Farina Brothers, Co., Inc.,* 343 Mass. 307, 311. *Delano* v. *Mothers Super Market, Inc.,* 340 Mass. 293, 297.

There was error in the denial of the defendant's requests for rulings 1, 3, and 4.

**The finding for the plaintiff will be reversed and judgment entered for the defendant.**

CAROLL E. AYERS

of Boston for the defendant.

No brief or argument for plaintiff.