*Municipal Court of the City of Boston*
No. T-22620

## LINNIE KOBS

*v.*

## TRUSTEES OF THE NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO.

Argued: Jan. 14, 1971 - Decided:

*Present:* Adlow, C.J., Gillen, Gorrasi, Spe. J.

Case tried to *Elam, J.,* in the Municipal Court of the City of Boston No. T-22620

**Gillen, J.** This is an action of tort to recover for personal injuries on the ground that on or about November 15, 1966, the plaintiff fell at the entrance way to the Back Bay Station which the defendants had negligently, unlawfully and unreasonably allowed to become

defective, out of repair, and dangerous to persons entering.

The plaintiff testified she fell when her toe caught in a hole at the front where the saddle or threshold of a door going into the station joins the sidewalk; that at this point in addition to there being a hole in the sidewalk under the saddle, the edge of the saddle was raised a ½" or 1" and some nails and screws were out; and that she had been crossing the threshold where she fell every day for well over a year prior to the date when she fell, but that she never noticed any defect there before.

Both parties agreed there was sufficient evidence to permit the trial judge to find that control of the instrumentality which allegedly caused the plaintiff to fall was in the defendants. It was stipulated by counsel that the defendant trustees were the duly appointed trustees in bankruptcy of the defendant Railroad Company.

At the close of the trial and before the closing arguments, the defendant presented several requests for rulings of law — all were denied and among these was #10 viz—

"The plaintiff is not entitled to recover because there is no showing that any defect on the premises controlled by the defendants, which defect was the proximate cause of the plaintiff's fall existed for a sufficiently long period prior to the accident so that the defendant knew of its

existence or reasonably ought to have known of its existence.''

The trial judge denied this request. The court found for the plaintiff.

It was said in *Smith* v. *Morse*, 315 Mass. 305 at 307:

''we are of the opinion that the evidence would not warrant a finding that the condition complained of had existed so long that the defendants knew or ought to have known of it and accordingly that the evidence did not warrant a finding that the defendant was negligent.''

That is precisely the situation in the instant case.

The condition of which the plaintiff complains was not known to the defendants so long that they should have been charged with responsibility for it. See: *Foote* v. *Waltham Netoco Theatres, Inc.*, 314 Mass. 674 at 676. *Kelleher* v. *Dini's Inc.*, 331 Mass. 217. Even if the defendants owed the plaintiff a duty of reasonable care with relation to the entryway, still the plaintiff would not have been entitled to recover, for she failed to show that the alleged defect existed for a sufficiently long period of time to charge the defendants with knowledge of its existence. *Foote* v. *Waltham Netoco Theatres, Inc.*, 314 Mass. 674; *Smith* v. *Morse*, 315 Mass. 305; *Foley* v. *Hotel Touraine Co.*, 326 Mass. 742; *Kelleher* v. *Dini's, Inc.*, 331 Mass.

217. Compare: *McIlvane* v. *Percival,* 337 Mass. 768.

Judgment for plaintiff is reversed. The order is — Judgment for the defendants.

SUMNER KRAFT
for the plaintiff,

JOHN D. DWYER
for the defendants.