ALBERTINA JOHNSON *vs.* ESTHER FAINSTEIN.

Suffolk.     December 1, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant,* Defect in common stairway. *Negligence,* In maintenance of building.

The owner of a three story building is not liable to the tenant occupying the second floor for personal injuries caused by the tenant's foot coming in contact with the tops of two nails projecting above a tread of a common stairway in the control of the owner, if one of the nails projected above the surface only three sixteenths of an inch and the other still less, even if the owner had notice of the projection of these nails before the accident occurred. Following *Jennings* v. *Tompkins,* 180 Mass. 302.

TORT, against the owner of a three story dwelling house numbered 74 on Shirley Avenue in the town of Revere by the tenant of the apartment on the second floor of the building, for personal injuries sustained on the morning of May 12, 1911, by reason of

an alleged defect in a common stairway in the control of the defendant. Writ in the Police Court of Chelsea dated July 13, 1911.

On appeal to the Superior Court the case was tried before *Morton*, J. The plaintiff testified in substance that the dwelling house in question was a three story building occupied by three families. The landlord occupied the first floor, the plaintiff and her family occupied the second floor and another tenant occupied the top floor. The stairway in question led from the second down to the first or street floor. The plaintiff and her family moved into the apartment on May 8, 1911, and on the morning of May 12, 1911, when the plaintiff had occasion to use the front stairs for the first time, she walked down them intending to go to a store near by to make a purchase. She testified that, as she was walking down the stairs, "something caught in my foot and I tried to free myself and catch hold on the side, but [there was] nothing to take hold of only the wall and I went right straight down the whole length of the stairs; that is, I fell from the top landing, and I did n't know any more after I fell." The plaintiff sustained a fracture of the right wrist and carried her right arm in a sling for some weeks.

The evidence in regard to the alleged defect is described in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant on the ground that it had been decided by this court that a nail projecting above a step of a staircase three sixteenths of an inch is not a defect. The plaintiff alleged exceptions.

*G. W. Reed*, for the plaintiff.

*T. J. Barry*, for the defendant, submitted a brief.

CROSBY, J. The plaintiff's injuries could be found to have been caused by her foot coming in contact with two nails projecting above a tread upon a common stairway in the control of the defendant, which stairway the plaintiff had a right to use as a tenant of the defendant. One of these nails projected above the tread one sixteenth of an inch, and the other three sixteenths of an inch. It also could have been found that the defendant had notice of the presence of these projecting nails before the plaintiff was injured. If the nails amounted to a defect, the jury would have been warranted in finding that they constituted a concealed danger to the tenant which was known to the lessor and which

she was bound to disclose in order that the lessee might guard against them. *Cowen* v. *Sunderland,* 145 Mass. 363. *Booth* v. *Merriam,* 155 Mass. 521.

The question is: Could these projecting nails be found to be a defect as against persons rightfully using the stairway? We are of opinion that substantially this question was decided by this court in *Jennings* v. *Tompkins,* 180 Mass. 302, in which it was held that where a tread upon a stair was worn so that a nail projected three sixteenths of an inch, it was not a defect. In that case the plaintiff, while leaving the defendant's theatre, caught his heel upon the nail and was thrown down and injured. He was rightfully using the step by invitation of the defendant, whose duty it was to exercise reasonable care to furnish for the plaintiff safe and proper stairs and other means of entrance and exit from the theatre. *Oxford* v. *Leathe,* 165 Mass. 254.

The case at bar cannot be distinguished from *Jennings* v. *Tompkins, supra,* and is governed by it. It follows that the action cannot be maintained, and that the ruling of the presiding judge was right.

*Exceptions overruled.*