CATHERINE MURRAY *vs.* FLORENCE A. LINCOLN & others, trustees.

Suffolk.   October 5, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Common stairway, Landlord's liability in tort.

A verdict should have been ordered for the defendant at the trial of an action by a tenant against his landlord for personal injuries sustained when the plaintiff fell in November, 1927, by reason of a defect in a common stairway, where, although there was evidence that the defect did not exist and that the stairway was in "fairly good condition" at the time in 1925 when the plaintiff first occupied the premises as a tenant of the third floor, it appeared that he moved to the first floor in January, 1927, and there was no evidence to show what the condition of the stairway was in January or that its condition had changed between January and November: the defendant's obligation to the plaintiff was to keep the stairway in the condition in which it appeared to be in January, 1927.

TORT.   Writ dated April 16, 1930.

The action was tried in the Superior Court before *Walsh,* J.   Material evidence is stated in the opinion.   The judge

denied a motion by the defendants that a verdict be ordered in their favor. There was a verdict for the plaintiff in the sum of $3,500. The defendants alleged an exception.

The case was submitted on briefs.

*J. F. Cavanagh*, for the defendants.

*T. J. Colbert, C. B. Cotter & J. M. Russell*, for the plaintiff.

CARROLL, J.    This is an action of tort for personal injuries sustained by the plaintiff, a tenant of the defendants, by falling on a common stairway on November 21, 1927. At the time of the accident the plaintiff was going down the stairway, holding a lighted lamp which she intended to place at the foot of the stairs, "as she had done each night." The defendants' motion for a directed verdict was denied.

The plaintiff testified that she came out of the first floor and down two steps; "on the third step . . . [she] caught on the nail and a piece of the wood come out of the stair and . . . [she] fell . . . where . . . [she] fell was worn and there was two nails sticking up in the very center of the step, and you could see where this board crosses the stair was worn in way beyond the board that was beneath."

There was evidence that when the plaintiff first occupied the premises in January, 1925, as a tenant of the third floor of the building, "The stairs were in fairly good condition . . . they were slightly worn, but not dangerously so . . . . There were no nails sticking out"; that an examination of the stairway after the accident showed "nails . . . sticking up, the edge of the stair broken away"; that the piece of wood broken from the edge of the stair was "about eight inches long and about half an inch wide"; that "two [nails were protruding] in the third [step] and two in the fourth [step]"; that the nails extended about one eighth of an inch; that the wood was wearing down from the nails, causing the nails to stick up.

In January, 1927, the plaintiff moved to the first floor of the building. There was no evidence showing the condition of the stairway at this time. From all that appears the stairway may have been in the same condition at the time of the letting in January, 1927, as it was in on November 21, 1927, when she fell.

Even if it be assumed that the stairway was defective when the plaintiff was injured, see *Jennings* v. *Tompkins*, 180 Mass. 302; *Johnson* v. *Fainstein*, 219 Mass. 537; *Serota* v. *Salmansohn*, 256 Mass. 224; *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139; *Loudon* v. *Beaulieu*, *ante*, 33, she cannot recover in the absence of evidence of a change in the condition of the stairway which arose after the letting in January, 1927. The contract between the landlord and tenant was then made, and the defendant's obligation was to keep the common stairway in the condition it appeared to be in at that time. As there was no evidence to show that the condition of the stairway at the time of the letting in January, 1927, was different from its condition in November, 1927, the plaintiff cannot recover. *O'Malley* v. *Twenty-Five Associates*, 178 Mass. 555. *Angevine* v. *Hewitson*, 235 Mass. 126.

*Exceptions sustained.*