JOSEPHINE FRAPPIER *vs.* LINCOLN STORES, INC.

Middlesex.    February 3, 1932. — March 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Of proprietor of store.

The evidence, at the trial of an action of tort for personal injuries sustained when the plaintiff fell on a stairway in a store maintained by the defendant because of a tack protruding on a step, where the plaintiff made no contention that the tack was a part of the construction of the premises, was that the tack was a "push tack," "one of those half inch head ones, or three quarters inch point on it"; that the head of it was highly polished and scratched and half an inch in diameter; that the tack was imbedded in the step and extended about three eighths or half an inch above the surface of the step; that, when it was removed, its point was found to be rusty and dark; and that before removal it was bent over to the side. A verdict was ordered for the defendant. *Held,* that, there being no evidence to show where the tack came from or how long it had been in the step, the verdict rightly was ordered.

TORT. Writ dated July 19, 1929.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. J. Bruin,* for the plaintiff, submitted a brief.

*J. H. Gilbride,* for the defendant.

CROSBY, J. The plaintiff, in company with her husband, went to the store of the defendant for the purpose of pur-

chasing goods, and while descending a stairway used for customers the heel of her shoe caught on a tack on the second step, as the result of which she fell and was injured. The heel of her shoe was made of leather with a rubber heel attached. There was evidence that after the accident the step was examined by the plaintiff's husband in company with the defendant's manager. The plaintiff's husband testified that he noticed a "push tack," "one of those half inch head ones, or three quarters inch point on it"; that the head of it was highly polished and scratched and half an inch in diameter; that the tack was imbedded in the step and extended about three eighths or half an inch above the surface of the step; that it was removed and the point was rusty and dark; that before removal it was bent over to the side. It is recited in the record that "There is no claim on the part of the plaintiff that the step or stairway was not properly lighted, or that [the] tack was part of the construction of the premises, and [the] plaintiff rested her case upon the claim that the tack imbedded in the stairway caused her fall; there was no testimony where the tack came from." At the close of the evidence the defendant filed a motion for a directed verdict, which was granted subject to the plaintiff's exception.

The question of law presented for decision is whether or not the presence of the tack as described constituted an actionable defect in the stairway. Many cases have been decided by this court where a nail or other substance protruding above the floor, steps or other place has caused a person to fall and thereby receive a personal injury. In these cases the general question as to the extent to which such nail or other substance protruded above the step or floor has been deemed important in deciding whether it constituted an actionable defect. See *Young* v. *Snell*, 200 Mass. 242; *Shavelson* v. *Marcus*, 273 Mass. 237; *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139; *Jennings* v. *Tompkins*, 180 Mass. 302; *Johnson* v. *Fainstein*, 219 Mass. 537; *Leslie* v. *Glazer*, 273 Mass. 221.

The evidence of the plaintiff in the present case was to the effect that the tack upon which she caught her foot

protruded about three eighths or half an inch above the surface of the step. It was no part of the construction of the premises; there was no evidence tending to show where it came from, or how long it had been there. In these circumstances it cannot properly be found to be a defect for which the defendant is liable. Accordingly, we are of opinion that the judge rightly directed a verdict for the defendant. The case of *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, cited by the plaintiff, which held that the defendant could be found liable for personal injuries caused by slipping on a banana peel on a platform of the defendant's station, is not applicable to the case at bar. Other cases where personal injuries were due to slipping upon some substance are inapplicable to the facts here presented. See *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524; *Bornstein* v. *R. H. White Co.* 259 Mass. 34; *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469; *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431, and cases cited.

*Exceptions overruled.*