Sanborn, J.
This is an action of tort for personal injuries sustained by the plaintiff by reason of an alleged defect in a stairway.
There was evidence tending to show that the plaintiff on behalf of her husband, on September 1, 1928, hired from the defendant the first floor tenement of a three-family dwelling house, and occupied that tenement until September 1, 1929, when she moved into the tenement on the second floor of the same building. On May 15, 1934, while going down a stairway leading from a hallway to the cellar to get coal, one of the treads of the stairway broke and her foot went through and she was injured. The hallway, stairway and cellar were not part of the premises hired by the plaintiff but were used in common by all the tenants of the building.
The plaintiff testified that when she moved into the first floor tenement on September 1, 1928, the stairway appeared to be all right, but she did not go down the stairway for six or seven months after she moved in, but her children did; that during the six years of her tenancies, she went to the cellar only four times; that the condition of the stairway had never been brought to her attention prior to the accident.
There was no evidence of the condition of the stairway in September, 1929, when the plaintiff became a tenant of the second floor tenement. There was evidence that two years before the plaintiff’s injury, the cellar stairs were loose and shaky, and from that time until the time of the accident became more loose and more shaky; that at the time of the *45 accident the steps were old and worn and “looked rusty”; that during the year before the accident the steps became more loose every time stepped on.
The stairway was unlighted, and the day of the accident was cloudy and dark.
The Court found for the plaintiff. The defendant filed twenty-four requests for rulings, many of which either were not in compliance with the rules of District Courts, or were in effect requests for findings of fact.
While the Trial Court made no specific findings of fact, it may be assumed from its rulings, as was obviously indicated by the evidence, that although the stairway was not a part of the tenement hired by the plaintiff, she did have in common with the other tenants, rights of passageway over the stairway to the cellar which was used by them for all storage purposes. The stairway thus remained in the control of the defendants. In using the stairway the plaintiff was not a mere licensee and the Court so found. Urserleo v. Rosengard, 248 Mass. 542.
The principal question of law here presented by the disposition of the defendants’ requests for rulings relate to the extent of the defendants’ obligation to keep the stairway in repair and the sufficiency of the evidence relating to its condition.
A landlord’s duty in respect to such a common passageway or stairway, is to use due care to keep it in such condition as it was in or purported to be in at the time of letting. He is not bound to change the mode of construction, for the tenant impliedly agrees to take the arrangement and mode of construction as they manifestly are and will not call for any change that may relieve him from dangers that are obvious. In other words, the tenant takes the risk of defects obvious to him at the time of letting. The only extension of liability on the part of the landlord, is in case of *46 hidden defects actually known by him to exist. His duty then is to inform the tenant of the danger. Looney v. McLean, 129 Mass. 33; Quinn vs. Perham, 151 Mass. 162; Moynihan vs. Alleyn, 162 Mass. 270; Murray vs. Lincoln, 277 Mass. 557; O’Malley vs. Twenty-Five Associates, 178 Mass. 555; Andrews vs. Williamson, 193 Mass. 92; Oles vs. Dubinsky, 231 Mass. 447; Goodel vs. Sviokcla, 262 Mass. 317; Murray vs. Lincoln, 277 Mass. 557; and cases cited.
The defendants contend that in as much as there was no evidence of the condition of the stairway on September 1, 1929, the date of the hiring of the second floor tenement, it was error to find the defendants liable to this plaintiff for negligently permitting the stairway to become unsafe on May 14, 1934, the date of the accident.
Negligence in that respect is a question of fact. Urserleo vs. Rosengard, Supra.
From the evidence hereinbefore stated as to the increasingly defective condition of the stairway during the period of two years prior to the accident and the inferences the Trial Court might reasonably draw from that evidence, we are of the opinion a finding was warranted that the defendants had failed in their duty to use reasonable care to keep the stairway to the standard of safety it was in at the time of the letting.
This case was tried on April 28,1936, a finding was made on May 11, 1936, and counsel were notified. On May 13, 1936, the attention of the Court was called for the first time to the fact the defendants had seasonably filed requests for rulings. On May 15, 1936, the Court passed upon those requests. The defendants contend that the failure of the Trial Court to act upon requests for rulings he was not aware had been filed, before he made his finding in the case, was error.
Whether counsel for the defendants were remiss in filing requests for rulings without bringing the fact to the knowl *47 edge of the Court, need not be considered. The defendants have not been prejudiced. Their requests were acted upon, and their right to have those rulings reviewed has been fully observed. Willard vs. Greenwood, et als., 228 Mass. 549.
There has been no prejudicial error in the rulings of the Trial Court, and this report must be dismissed. So ordered.