MARY G. FOWLER *vs.* SOUTH END AMUSEMENT COMPANY.

Suffolk.   December 10, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Negligence,* One owning or controlling real estate, Theatre.

Evidence as to a projecting metal nosing on the edge of a step in a theatre warranted submission to the jury of the questions, whether it was a defect and whether its existence when a patron of the theatre tripped on it was due to negligence of the proprietor.

CONTRACT OR TORT.   Writ in the Superior Court dated January 16, 1933.

The action was tried as one of tort before *Hurley,* J. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged an exception.

*A. E. Lewis,* (*W. M. Shaughnessy* with him,) for the defendant.

*T. H. Kane,* for the plaintiff.

LUMMUS, J.   The plaintiff testified that in 1932, when she was a girl of ten, she fell when she caught her left heel on a metal nosing on the edge of a step while attending a performance at the defendant's theatre; that "the metal nosing was pulled away from the nail and the nail hole was empty and several nails were loose on each side"; that "the metal was pulled forward about three-quarters of an inch and the part of the step where it was pulled away was on her right, the side the banister was on"; that "it looked worn, thin at edge, jagged and dull just the part where she fell"; and that "the nosing was fastened with small nails having small heads."   Another witness testified that the plaintiff had her right hand on the "banister."

There was evidence of a defect, even though there was no evidence of the height in inches or fractions of an inch to which the nosing projected above the step.   It caught the plaintiff's heel, which was a low one.   The jury had the right

to accept the testimony of the plaintiff, and to reject the impressive mass of evidence for the defendant that there was no defect. Although the plaintiff placed the defect at her right at some time, and her left heel was caught, there was evidence that the step was defective "where she fell," and the defect could be found the cause of the fall. Even if the jury believed that screws, not nails, were used as fastenings, they could find the plaintiff merely mistaken in describing the fastenings as nails. There was evidence for the defendant that "the slots in screws will wear smooth and look like nails." The existence of the defect for sufficient time to enable the defendant, if due care were used, to discover and correct it before the accident, could have been found upon the foregoing description of the defect in connection with testimony for the defendant that the nosings were put on about ten months before the accident, that "they start looking at nosings two or three weeks after they are put down," that the stairways were inspected every day, and that when a nosing is worn it will start to pull from the screw and will get jagged if left long enough. There was no error in submitting the case to the jury.

*Exceptions overruled.*