EVELYN COLEMAN *vs.* ELIZABETH C. WALLACE.

Middlesex.     May 17, 1937. — February 28, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Appellate Division: report.

The propriety of awarding double damages in a finding for the plaintiff by a district court judge in an action for injuries sustained from being bitten by a dog was not open to review upon a report to the Appellate Division of his "findings" and certain rulings and refusals to rule not touching the matter of damages.

TORT. Writ in the First District Court of Eastern Middlesex dated January 19, 1934.

The action was heard by *Brooks*, J., who found for the plaintiff. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

In her brief the defendant stated: "The question . . . is: Whether or not the finding . . . and the order dismissing the report . . . were in error; the plaintiff's damages having been doubled . . . ." The plaintiff argued in her brief that the propriety of awarding double damages was not properly before this court.

*R. P. Anderson*, for the defendant.

*J. A. Lane*, (*S. B. Hibbard* with him,) for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by her on May 13, 1933, as a result of having been bitten by a dog kept by the defendant. The writ was dated January 19, 1934. The defendant filed certain requests for rulings which were denied and were reported. These have not been argued and must be treated as waived. The findings that the defendant was the keeper of the dog and that the plaintiff was bitten by the dog on May 13, 1933, are not now in dispute. No question of law is to be determined on these matters. The trial judge found for the plaintiff and assessed damages in the sum of $300, and added a note "to be doubled." The defendant was notified of a finding against her in the sum of $600. The concluding paragraph of the report was in these words: "This report contains all the evidence material to the questions reported. The defendant claimed to be aggrieved by the rulings and refusals to rule as requested. The defendant claims to be further aggrieved by the findings made by the trial justice. I hereby report the same to the Appellate Division for determination." The report was filed and allowed on October 22, 1936.

No request was directed to the action of the trial judge in doubling the damages found in accordance with G. L. (Ter. Ed.) c. 140, § 155. That section was in these words: "The owner or keeper of a dog shall be liable in tort to a

person injured by it in double the amount of damages sustained by him." The defendant contends that damages should have been awarded in conformity to St. 1934, c. 320, § 18, which contains no provision for doubling the damages and which became effective on January 1, 1935. The words of that section are these: "Said chapter one hundred and forty is hereby further amended by striking out section one hundred and fifty-five, as so appearing, and inserting in place thereof the following: — *Section 155.* If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." In our opinion the form of the report already quoted does not properly present for review as a ruling of law the conduct of the trial judge in doubling the damages. There was no specific ruling on that point. See *Rollins* v. *Perry*, 284 Mass. 488. It does not appear that any report was made on this point. *Bornstein* v. *Justices of the Municipal Court of Roxbury*, 269 Mass. 515, 518.

*Order dismissing report affirmed.*