ISABELLE SULLIVAN *vs.* F. W. WOOLWORTH CO.

Suffolk.    February 8, 1940. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant,* Time of letting, Landlord's liability to invitee of tenant, Common passageway.

On evidence that, after a corporation had occupied a floor of a building and paid rent for several years, one of two persons interested in the corporation signed an instrument whereby he agreed to occupy the floor as tenant at will at a specified rent from April 1, a new tenancy began on April 1 so far as concerned the rights of an invitee of the tenant against the landlord for injuries sustained in May through a defect in a common passageway.

A business visitor of a tenant at will of the second floor of a building could not recover from the landlord for personal injuries caused five weeks after the tenancy began by a defect in the threshold of a common passageway leading to the premises let where the only evidence describing the threshold did not warrant a finding that the defective condition arose after the tenancy began.

TORT. Writ in the Superior Court dated June 24, 1936.

A verdict for the defendant was ordered by *Morton,* J.

*H. T. Talty,* (*W. J. Lee* with him,) for the plaintiff.

*C. C. Petersen,* (*S. Burr* with him,) for the defendant.

COX, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sustained on May 8, 1935, when, as she was leaving the premises at number 20 Chauncy Street, in Boston, she fell by reason of an alleged defect in the floor of a common passageway. The defendant was the lessee of the entire building and in control of the passageway. The plaintiff was a business invitee of the Chauncy Clothing Company, Inc., which occupied the second floor, and the defendant conceded at the argument that a defective condition could have been found. At the close of the plaintiff's case, the defendant rested, and its motion for a directed verdict was allowed. The plaintiff's exception to the allowance of this motion presents the only question.

The defendant owed to the plaintiff the same duty that it owed to the tenant of the second floor, and that duty was to use reasonable care to keep the common passageway in such condition as it was in, or appeared to be in, at the time of the creation of the tenancy. *Pizzano* v. *Shuman*, 229 Mass. 240, 243. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205, and cases cited. *Russo* v. *Rizzo*, 302 Mass. 177, 178, and cases cited. Compare *Brosnan* v. *Koufman*, 294 Mass. 495.

The jury could have found that on May 8, 1935, the plaintiff went to the building in question to the Chauncy Clothing Company, Inc., where she asked for some merchandise which "they" did not have; and that she descended the stairs and fell at the street door. One Lentino testified that he had a place of business at 20 Chauncy Street; that he was in business there with his brother under the name of Chauncy Clothing Company, Inc.; that they "owned" the company, a corporation that had been in existence since 1930 or 1931; that "he paid rent with the corporation check, and that the corporation paid the rent of those premises since he had been there"; that he "Got a bill"; that he could not "give the definite date when he went in there, but it was some years before 1935." It was not in dispute that on April 1, 1935, he signed an instrument, produced by the defendant, whereby he agreed to occupy the second floor of the building in question as a tenant at will from the first day of April, and "to pay monthly in advance for such occupancy seventy-five (75) dollars on the first day of each month for the month following, the first payment to be made on the first day of April." The instrument also provided that the tenants should not sublet any portion of their premises without written consent. It bore no signature but Lentino's. There was no other evidence as to the nature of the occupancy of the second floor or as to any tenancy.

We are of opinion that upon this record the rights of the plaintiff are to be determined as of April 1, 1935, and it was for the plaintiff to prove that the defect in the passageway, which caused her injury, arose after that date, *Griffin*

v. *Rudnick*, 298 Mass. 82, 84, and that there had been a change in the condition of the passageway between that date and the date of her injury, some five weeks later. There was no direct evidence showing its condition on April 1, 1935. It could have been found that on the day of the injury the floor was warped and worn, that the marble threshold was about an inch high and rested on the floor on either side, but did not rest upon it in the middle, and that the "so-called depression" commenced about one foot from the threshold "where most of the traffic went over." From this evidence the inference was not warranted that the condition described had come into existence after April 1, 1935.

*Exceptions overruled.*