ANNA BOISSE *vs.* ROSE GOLDBERG & others, trustees.

Essex.   May 8, 1940. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common stairway.

A finding of liability of a landlord to an invitee of his tenant for injuries sustained in a fall on a defective common stairway would not have been warranted where there was no evidence of the time of the letting or of what the condition of the stairway was at that time.

TORT.   Writ in the First District Court of Essex dated March 30, 1938.

Upon removal to the Superior Court, a verdict for the defendant was ordered at the trial before *Donahue,* J.   The plaintiff alleged exceptions.

*W. E. O'Brine,* for the plaintiff.

*J. L. Fitzpatrick,* for the defendants.

COX, J.   The jury could have found that the plaintiff was injured on February 15, 1938, as she was descending what appears to be a common stairway in a building admittedly owned by the defendants, as trustees, after a business visit to a tenant, and that her injuries resulted from her foot being caught on a nail that protruded from one of the stair treads.   Beyond the facts that the tenant was an occupant of a portion of the building on the day of the injury, and that the plaintiff had been to its shop twice before, the record is bare of any evidence as to when the tenancy began.   The plaintiff testified that the nail protruded about half an inch, that it was rusty and a little shiny, and that the head part was shiny, but there was nothing to show how long this condition had existed. *Blake* v. *John F. Johnston Co.* 213 Mass. 143.   *Leslie* v. *Glazer,* 273 Mass. 221, 223, 224.   Compare *Solomon* v. *Boston Elevated Railway,* 276 Mass. 139, 141, and cases cited; *Pauley* v. *Brockton Savings Bank,* 305 Mass. 517,

519–520. Apart from this and testimony of the plaintiff, that when she had visited the shop on different occasions she had not noticed anything wrong with the stairway, there is nothing to show its condition at any other time. The trial judge allowed the defendants' motion for a directed verdict subject to the plaintiff's exception, which presents the only question in the case.

There is nothing to show the condition of the stairway at the time the tenancy in question began, whenever that may have been, or that its condition upon that unknown date was any different from that when the plaintiff was injured. *Chambers* v. *Durling, ante,* 327. *Shwartz* v. *Feinberg, ante,* 331. Even if it be assumed that the stairway was defective when the plaintiff was injured, she cannot recover in the absence of evidence as to these matters. *Murray* v. *Lincoln,* 277 Mass. 557, 559. *Sullivan* v. *F. W. Woolworth Co.* 305 Mass. 378.

*Exceptions overruled.*