No. 2947      Northern      Suffolk, ss

REPUBLIC PIPE & SUPPLY CORPORATION
                                   (Bernard Cushman)
v. MORRIS SAVITZ, doing business as The Eagles Plumbing
   & Heating Co.                      (George Bromfield)

From the Municipal Court of the Dorchester District—
Nagle, J.

Argued June 13, 1941—Opinion Filed October 1, 1941

---

JONES, P.J. (Sullivan, & Wilson, JJ.)—This is an action of contract on an account annexed for goods sold and delivered to the defendant.

There was evidence for the plaintiff that its treasurer had a conversation with the defendant Savitz, doing business as The Eagle Plumbing & Heating Company, regarding the opening of an account with him; the defendant's place of business was then at 10 Hartwell Street, Roxbury; that between June, 1938, and October 18, 1939, business transactions were had between the plaintiff corporation and defendant; monthly statements of account were mailed by the plaintiff to The Eagle Plumbing & Heating Company, hereinafter referred to as the Company, representing the defendant, at the above address;

that conversations were had by said treasurer with defendant Savitz from time to time between said dates, and payments were made from time to time on the account and credited on the succeeding statements in each instance; it further appeared in evidence that all the statements foregoing were made out and sent to said Company; that no communications were ever received from the defendant that these statements rendered were incorrect in any way.

A business certificate dated July 21, 1938, states that the defendant company conducted its business at 10 Hartwell Street in Roxbury, Massachusetts, and that said business was conducted by Morris Savitz, the defendant, at the same address.

A business certificate of Harry F. Nation and Company, dated July 24, 1920, stating that the business of that Company was conducted at 862 Blue Hill Avenue, Boston, by Harry F. Nation of 10 Harold Park, Roxbury, and Chester Sylvester of Marlboro, Mass., was also in evidence.

There was evidence by the defendant that he was a partner with Harry F. Nation, under the style of Harry F. Nation & Company under a partnership which began in September, 1938 and that at the same time he was also conducting his business of The Eagle Plumbing & Heating Company on the same premises.

Further, it was in evidence that all payments to the plaintiff were made by checks of Harry F. Nation & Company; that no payments were made by defendant personally.

It was agreed at the trial that if a finding for the plaintiff was made it shculd be for $525.00, and that the merchandise was shipped to either the defendant or the partnership.

It does not require any authority to justify a finding for the plaintiff on this evidence. It could have been found either way, but the judge, having heard the evidence and the parties, would be perfectly justified in finding for the plaintiff.

The defendant asked for the following rulings:

1. The evidence is insufficient to warrant a finding for the plaintiff.

2. The evidence is sufficient to warrant a finding for the defendant.

3. The evidence requires a finding for the defendant.

The trial judge gave the second, and the first and third were denied.

The defendant could not be aggrieved by the granting of the second ruling made at his own request. *Baker* v. *Davis,* 299 Mass. 345. *Coleman* v. *Wallace,* 299 Mass. 475. *Korb* v. *Albany Carpet Cleaning Co.* 299 Mass. 317.

It has been said that the duty of a judge, sitting without a jury, performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215.

In the instant case the judge could not give the first or third requests unless he was prepared to rule, as matter of law, the

plaintiff could not recover. See *Marquis* v. *Messier,* 303 Mass. 553, and cases there cited. See also *United States Fidelity and Guaranty Co.* v. *Sheehan,* M. A. S. (1941) 329 (26 BTL 208). This he could not do for the case, as we have heretofore said, presented issues of fact for his conclusion as a fact finding tribunal.

The evidence was ample to sustain a finding for the plaintiff. *J. P. O'Connell* v. *Maryland Casualty Co.* 302 Mass. 232. *Howard* v. *Malden Savings Bank,* 300 Mass. 208.

The case calls for a decision of fact only and cannot be disturbed by this division.

No prejudicial error appearing, the report is dismissed.