ROLLINS, J. (Estes, A. P. J., and Briggs, J.)
This is an action of tort in which the plaintiff seeks to recover compensation for personal injuries received by her in the store of the defendant where she was a customer.
The evidence tended to show the following facts:
The plaintiff started to leave the store shortly after 5 o’clock P. M. by the Avon Street entrance (which is also an exit) .■ The first floor of the store at this point is of marble and is above the level of the entrance doors which are reached by descending four steps. A metal plate about three-eighths of an- inch in thickness and about 8 or 10 inches in width is affixed to the marble floor at-the top of the stairs. A rubber rug or mat-about 9x12 feet in siz;e is ordinarily and normally flush with the back edge of the plate.
*40 On the day of the accident the mat was not in its normal and usual position flush against the edge of the metal plate but was eight or ten feet back from it. On this day, as the plaintiff with both arms full of bundles approached the top of the step, one of her heels caught on the edge of the metal plate and she fell forward. As she did so the other heel caught and both of her heels were torn entirely from her shoes and she fell down the steps sustaining the injuries complained of.
The defendant seasonably filed four requests for rulings, the second of which read as follows: “There is no evidence to warrant a finding that the defendant was negligent in the maintenance of its premises.”
The Court denied all of the requests and made the following finding of fact:
“On the evidence I find that the premises of the defendant were in a defective condition, the defect being a steel or metal plating at the edge of stairway protruding about three-eighths of an inch above surface of marble floor in a dangerous manner causing the plaintiff to trip and fall down the stairs.”
The Court found for the plaintiff in the amount of $193.00.
The trial judge stated that the defendant, claiming to be aggrieved 'by the refusal to rule as requested and by the finding of fact, reported the case to the Appellate Division for determination.
The defendant contends that the existence and maintenance of this metal plate under the conditions herein described did not and could not constitute “a defect” and that this case is governed by the decisions in Jennings v. Johnson, 180 Mass. 302. Johnson v. Fainstein, 219 Mass. 537. In those cases a nail protruding three-sixteenths of an inch above. the tread of a stair was held not to constitute a “defect.”
We cannot say as a matter of law that the trial judge did not properly make the above finding of fact. But the mere existence of this defect does not in and by itself enable the plaintiff to recover. She must also prove that the defendant was negligent in causing the defect or that the defendant “in the exercise of reasonable care and diligence, knew, or ought to have known, of the defect long enough before the plaintiff was injured to have it repaired or remedied it.”’ Leslie v. Glazer, 273 Mass. 221-223.
As before stated the defect in the instant case consisted in the maintenance of the metal plate in the position described together with the fact that .the rubber mat was removed from its usual position flush with the edge of the plate. It is clear that when the mat was in its normal place there was no defective condition of the premises.
. There is no evidence presented to us as to when or by whom or how long before the accident the rubber mat was moved eight or ten feet back from the edge of the metal plate. The plaintiff then has failed to prove that the defendant was negli *41 gent because she has failed to prove that the defendant caused the “defect” or that the defect was in existence for sufficient time before the accident so that it could have remedied it. Downing v. Jordan Marsh Co. 234 Mass. 159, 160.
There is prejudicial error in the denial of the defendant's second request.
Judgment is to be entered for the defendant.