## LETITIA SNECKNER *vs.* DAVID FEINGOLD.

Hampden.     September 23, 1943. — October 28, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Common stairway, Landlord's liability to tenant or his family or his invitee. *Negligence,* One owning or controlling real estate.

Evidence that, after the beginning of a tenancy of an apartment in an apartment house, the nosing on a step of a common stairway under the control of the landlord became loose and "wobbly" and "raised up" about an eighth of an inch, so that one could "tip it up," the "back end of it up over a quarter of an inch," and that the screws fastening the nosing became loose and one of them raised one sixteenth of an inch so that the nosing "flopped up and down," did not warrant a finding of negligence of the landlord toward a member of the tenant's family who was caused to fall by such condition.

TORT. Writ in the Superior Court dated September 6, 1940.

The case was tried before *Donahue,* J., and in this court was submitted on briefs.

It was agreed that the building in question was "under the control of the defendant."

*N. M. Harvey & J. H. Mulcare,* for the plaintiff.

*E. H. Wright,* for the defendant.

LUMMUS, J. This is an action of tort, brought by a mother living with a daughter who was the tenant of an apartment in an apartment house owned by the defendant, to recover for bodily injuries sustained on August 14, 1940, when the plaintiff fell because her heel caught in the brass edging or "nosing," about an inch and a half wide, of the third step from the top of a common stairway provided for all the tenants. The jury returned a verdict for the plaintiff, but under leave reserved (G. L. [Ter. Ed.] c. 231, § 120) the judge entered a verdict for the defendant, subject to the exception of the plaintiff to that action, which presents the only question in the case.

There was evidence of the following facts.  The plaintiff's daughter hired the apartment in the summer of 1937.  When the tenancy began, the steps and the nosing were firm and in good condition.  But beginning two or three weeks before the accident, the nosing on the tread of the third step became loose and "wobbly," and raised up about an eighth of an inch, so that one could "tip it up," the "back end of it up over a quarter of an inch."  The screws by which it was fastened to the tread had become loose, so that the nosing "flopped up and down."  One of the screws was raised a sixteenth of an inch above the nosing.

The general rule as to the liability of a landlord to a tenant and, among others, to a member of the tenant's family (*Coupe* v. *Platt*, 172 Mass. 458; *Domenicis* v. *Fleisher*, 195 Mass. 281, 283, 284; *Peirce* v. *Hunnewell*, 285 Mass. 287, 290; *Wynn* v. *Sullivan*, 294 Mass. 562, 565; *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205; *Silver* v. *Cushner*, 300 Mass. 583; *Diamond* v. *Simcovitz*, 310 Mass. 150, 153; *McNeill* v. *Home Savings Bank*, 313 Mass. 664, 666), for defects in a common passageway, is well settled. The landlord owes a duty, not to keep the common passageway in as good a condition as that in which it was or appeared to be at the time of the letting, but rather to use reasonable care to do so.  *Andrews* v. *Williamson*, 193 Mass. 92.  *Grady* v. *Gardiner*, 272 Mass. 491.  *London Tobacco Co. Inc.* v. *Freeman*, 280 Mass. 368.  *Sordillo* v. *Fradkin*, 282 Mass. 255.  *Griffin* v. *Rudnick*, 298 Mass. 82.  *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203.  *Dunlea* v. *R. D. A. Realty Co.* 301 Mass. 505, 508.  *Russo* v. *Rizzo*, 302 Mass. 177.  *Shwartz* v. *Feinberg*, 306 Mass. 331.  *Bacon* v. *Jaques*, 312 Mass. 371.  This is made wholly clear by *Williams* v. *Pomeroy*, 254 Mass. 290, *Berg* v. *Elder*, 290 Mass. 540, and *Chambers* v. *Durling*, 306 Mass. 327, 330.

The defendant contends that the variation from the normal was not enough to warrant a finding of negligence on the part of the defendant.  We have found no case in which a projection or protrusion as small as that in this case has been held sufficient to allow a case to go to the jury.  In *Jennings* v. *Tompkins*, 180 Mass. 302, and in *Johnson* v.

*Fainstein,* 219 Mass. 537, a nail projected three sixteenths of an inch. In *Frappier* v. *Lincoln Stores, Inc.* 279 Mass. 14, the projection was of half an inch or less. See also *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127; *Murray* v. *Lincoln,* 277 Mass. 557; *Boisse* v. *Goldberg,* 306 Mass. 336. In *Vellante* v. *Watertown,* 300 Mass. 207, a variation of three quarters of an inch in the height of adjoining granolithic slabs in a sidewalk was held insufficient evidence of negligence on the part of the town. See also *Galante* v. *Brockton,* 305 Mass. 480. In all these cases recovery was denied.

In cases where recovery has been allowed, the projection or protrusion has been greater. In *Young* v. *Snell,* 200 Mass. 242, and *Shavelson* v. *Marcus,* 273 Mass. 237, a nail stuck up out of the floor an inch or more. In *Serota* v. *Salmansohn,* 256 Mass. 224, the original papers show a projection of a nail for about one and a half inches. In *Shwartz* v. *Feinberg,* 306 Mass. 331, a nail projected about an inch, and had been projecting for several months. In *Solomon* v. *Boston Elevated Railway,* 276 Mass. 139, a broken metallic tread projected three quarters of an inch. In *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, a ragged metal band projected about an inch. In *Fowler* v. *South End Amusement Co.* 299 Mass. 317, the nosing was pulled forward three quarters of an inch and was high enough above the step to catch the plaintiff's low heel. See also *Wheeler* v. *Sawyer,* 219 Mass. 103. In *Dunlea* v. *R. D. A. Realty Co.* 301 Mass. 505, the nosing was raised high enough to admit fingers under it. In *Loudon* v. *Beaulieu,* 277 Mass. 33, a brass nosing of a step was raised half an inch or more.

In this case we think there was no sufficient evidence of negligence on the part of the defendant.

*Exceptions overruled.*