# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

CECILE PRINCE & another *vs.* ERNEST J. DRAPEAU. September 26, 1944. Exceptions overruled. This is an action of tort brought by the plaintiff Cecile Prince to recover compensation for personal injuries alleged to have been sustained by her as a result of falling on a common stairway in the control of the defendant. Her husband is also a party plaintiff seeking consequential damages. See G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1. The case is before us on the plaintiffs' exceptions to the action of the judge in entering a verdict for the defendant under reserved leave. There was no error. No evidence was offered to show any promise on the part of the defendant (see *Fiorntino* v. *Mason*, 233 Mass. 451) to take the case out of the general rule that the burden of proof rested upon the plaintiffs to establish that the defendant had negligently failed to use reasonable care to keep the common stairway in question in as good a condition as that in which it was or appeared to be at the time of the letting. *Griffin* v. *Rudnick*, 298 Mass. 82, 84. *Sullivan* v. *F. W. Woolworth Co.* 305 Mass. 378, 380. *Chambers* v. *Durling*, 306 Mass. 327, 329, 330. *Sneckner* v. *Feingold*, 314 Mass. 613, 614, and cases cited. In its aspect most favorable to the plaintiffs, the evidence would not warrant a finding that the alleged defective condition of the common stairway arose after the letting or was not then apparent.

No argument nor brief for the plaintiffs.

*E. H. Wright*, for the defendant, submitted a brief.

JOSEPH CHABOT'S CASE. October 5, 1944. Decree affirmed. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. The insurer appealed from a decree of the Superior Court, awarding compensation for partial incapacity to the employee, rendered upon the findings and decision of the Industrial Accident Board. The evidence before the board warranted its findings and decision that the employee is partially incapacitated for work and entitled to partial incapacity compensation.

*E. E. Andrews*, for the insurer.

*H. A. Moran*, for the claimant, submitted a brief.