IRENE McCOLLUM *vs.* UNITED MARKETS, INC.

Suffolk.     May 6, 1948. — June 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Stairway, Store.

Evidence, that a terrazzo tread of a stairway in a store had become worn, hollowed out and "concave" so that the steel nosing of the tread protruded above its surface one eighth to one quarter of an inch, warranted a finding that the tread was not in reasonably safe condition for the use of a customer who caught her foot on the protruding nosing and fell while descending the stairway.

TORT.   Writ in the Superior Court dated April 8, 1942. The action was tried before *Beaudreau*, J.

*K. C. Parker*, for the defendant.

*C. P. Huse, Jr.*, for the plaintiff.

DOLAN, J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff in the circumstances recited below.   At the close of the evidence the defendant moved for a directed verdict in its favor. The motion was denied subject to its exception, and the jury returned a verdict for the plaintiff which the judge received under leave reserved.   The defendant's motion for entry of a verdict for it under the leave reserved was also denied subject to its exception.

Facts that the jury could have found properly may be summed up as follows: On February 21, 1942, the plaintiff, accompanied by her husband, went to the defendant's place of business on Columbia Road in Boston, to do their weekend shopping.   They made several purchases, and in starting to leave the premises the plaintiff went to a flight of stairs in the rear of the store, which led to an exit on Ramsey Street.   She walked down the stairs to a first landing and started down the stairs leading from there to the landing

beside the exit.  On the first or second step her heel caught on something that was protruding, "it pitched . . . [her] forward," her head struck a white tile wall which faced the staircase, and she became unconscious.  Her husband raised her and went for the store manager, one O'Neil.  The latter came and asked what had happened.  The plaintiff told him that she had tripped on the stairs and had fallen, and pointed out to him "about" where she had tripped.  The plaintiff's husband complained to O'Neil that the steps were worn smooth and were dangerous.  They examined the steps.  They were worn, "had a hollowness, . . . were concave."  The stairs were "constructed with terrazzo treads setting in a steel pan with the steel nosing on each tread."  The treads showed wear and were concave in a sort of oval egg shape on each tread, and the concavity was about in the center of each tread.  The steel edging on the first and second steps in question protruded one eighth to one quarter of an inch above the hollowed surface of the treads of the steps.  There was no hand rail on the side of the staircase on which the plaintiff was descending but there was a hand rail on the other side of the stairway for people going up the stairs.

The defendant concedes that it was in control of the premises and the stairway and that the plaintiff was rightfully using the stairway as a customer.  The sole contention of the defendant is that "as matter of law the projection of the edging or nosing was too slight to warrant a finding of negligent maintenance of the stairs."  In support of that contention the defendant cites *Jennings* v. *Tompkins*, 180 Mass. 302, *Johnson* v. *Fainstein*, 219 Mass. 537, and *Sneckner* v. *Feingold*, 314 Mass. 613, and argues that those cases are controlling in the determination of the present case.

We are of opinion that the present case was properly submitted to the jury.  The *Jennings*, *Johnson* and *Sneckner* cases are distinguishable in the facts from the present case, as are some of the other cases collected in the *Sneckner* case (pages 614–615), where evidence of projections of half an inch or less was held insufficient to take the cases to the jury.  In the *Jennings* and *Johnson* cases a nail pro-

jected three sixteenths of an inch. In the *Sneckner* case the brass edging or nosing involved had become loose and wobbly, and raised up about an eighth of an inch, so that one could tip it up, the "back end of it up over a quarter of an inch." The screws by which it was fastened to the tread had become loose, so that the nosing "flopped up and down." One of the screws was raised a sixteenth of an inch above the nosing. In the instant case, however, the evidence does not disclose that the steel edgings were loose, or that they protruded or projected beyond or were raised above the treads of the steps as originally constructed, and the jury could have inferred properly that the edgings were in fact rigid and in the same position with respect to the original surface of the treads as when constructed. The jury could have found that the defect was not in the edgings but in the worn and hollowed out condition of the steps, the oval egg-shaped concavity resulting from wear of the surface of the treads of the steps. They could also have found that in descending steps one's body is more out of balance than in walking on a smooth floor (*Corcoran* v. *United Markets, Inc.* 314 Mass. 26, 27–28); that in the instant case one's foot when placed in the hollowed surface of the steps would tend to go forward; and that a danger existed that one's shoe would catch on the steel edging above the hollowed surface and injury result. In brief, they could find that the defects were in the treads of the steps; that those defects in combination with the steel edgings created a potential danger which became actual in the case of the plaintiff; that the steps were not in reasonably safe condition; that the defendant had negligently failed to carry out the duty it owed the plaintiff to keep them in reasonably safe condition for the use of the plaintiff as a customer (*Kennedy* v. *Cherry & Webb Co., Lowell,* 267 Mass. 217, 219); and that as a result of negligence of the defendant the plaintiff sustained the injuries complained of. *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, 551. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203. *Lynch* v. *First National Bank,* 309 Mass. 458. *Corcoran* v. *United Markets, Inc.* 314 Mass. 26. See

*Mulloy* v. *Kay Jewelry Co. of Quincy*, 289 Mass. 264. The questions whether the treads had become defective and whether that condition could have been discovered by proper inspection were for the jury.

*Exceptions overruled.*