WILLIAM W. HEALEY & another *vs.* SIDNEY BEDRICK. April 4, 1967. Following the return of verdicts for the plaintiffs, husband and wife, the judge entered verdicts for the defendant under leave reserved, subject to the plaintiffs' exception. The evidence was as follows: The accident happened in a three-story wooden building owned by the defendant; it contained six apartments. Between the landing of the first floor to the landing of the second floor were fourteen wooden stairs. Each stair was "about 38 inches long, 7 inches high and three-quarters of an inch thick." There was "also a handrail of wood the entire distance from the first to the second floor on the right side descending." This was a common stairway which, as the defendant admitted, he had a duty to "care for and/or inspect." The plaintiffs were tenants at will of a second floor apartment, having become such in March of 1961. At that time the premises had been recently renovated and the stairway was in "perfect" condition. Six months after the tenancy began another tenant in moving out caused a refrigerator to be "slid down" the front stairs. Afterwards the wife observed that the stairs were "all worn on the edge and there was a piece out as big as a quarter on the edge . . . [on] the second step from the top." On the morning of May 15, 1962, while she was at the bottom of the stairs, she observed her husband, aged seventy-eight, at the top attempting to descend with his hand on the railing. His "foot got caught in that hole in the second step from the top and [he] tumbled over on to me." The husband testified that his foot went into "a hole or something . . . in the second stair." Several photographs showing the stairs as they were at the time of the accident were introduced by the plaintiffs and are before us. The defendant's duty was "not to keep the . . . [stairway] in as good a condition as that in which it was or appeared to be at the time of the letting, but rather to use reasonable care to do so." *Sneckner* v. *Feingold,* 314 Mass. 613, 614. Considering the evidence summarized above, including the photographs, we are of opinion that there was no breach of that duty on the part of the defendant. The judge did not err in entering verdicts for the defendant under leave reserved.

*Exceptions overruled.*

*John F. Cremens* for the plaintiffs.
*Edward J. Barshak* for the defendant.