*Northern District*

No. 7012.

**BETTY LOWE**

v.

**WILLIAM R. HILL**
and **JOHN D. HILL**

Argued: Mar. 26, 1969   Decided: May 23, 1969

*Present:*   Connolly, P.J., Parker, Yesley, JJ.

Case tried to *Glaser, J.* in the District Court of Lawrence (Essex) No. R-1370.

*Connolly, J.   This is an action of tort* to recover for personal injuries sustained on No-

vember 29, 1963 when, as a result of the alleged negligence of the defendants, the plaintiff slipped and fell on a common passageway owned by and controlled by the defendants. The answer is a general denial, contributory negligence and assumption of the risk.

The Court found for the plaintiff.

At the trial there was evidence tending to show that the defendants, purchased the building at 26 Chestnut Street, Andover, in January, 1963. At that time, the Andover Thrift Shop was a tenant at will and became a tenant at will of the defendants. Entrance to the Andover Thrift Shop was effected by going through a door on Chestnut Street over a common passageway behind the door, about 8 feet by 8 feet, then down two steps on to another part of the common hallway of about the same dimensions and through the door of the Andover Thrift Shop.

At the time that the tenancy was created between the defendants and the Andover Thrift Shop, the entire hallway above described was constructed of wood planks about 4″ wide. There was a space of about 1/16 or 1/8 of an inch between the planks. The wood floor was safe and was never slippery when wet.

Both defendants participated in the management of the building. The Andover Thrift Shop paid the rents to both the defendants. Each defendant acted for the other and in his behalf when necessary.

Terrance Sweeney was the building custodian

and janitor and he served as such for both the defendants from the time they purchased the building to September, 1966. The defendant, William R. Hill, saw Sweeney on pay-days. It was Sweeney's duty, among other things, to clean the common passageway/hallway and maintain the building, and report to the defendants any complaints or conditions in the building which required correction.

After the defendants purchased the building in January, 1963, they made plans to remodel the building in April, 1963. Various changes were made. The walls were replaced. The "old rough wood floor" in the passageway was covered with vinyl or asphalt tile — just like the floor in the courtroom. This was completed sometime in July or September, 1963.

One witness, Mrs. Dunlop, co-manager of the Thrift Shop, testified that the old wooden floor was never slippery when wet but that after it was covered with tile, it was very slippery when wet. She told the defendant, William R. Hill, of the slippery condition before plaintiff slipped on the floor. She also told the janitor, an employee of defendants, before the plaintiff fell.

On November 29, 1963, the plaintiff left her home to go the Andover Thrift Shop to make a purchase. It was raining and had been raining all day. She entered and saw the water on the floor. She descended the two steps to the lower hallway. When she was on the lower hallway, she took two steps and her left foot slipped

on the wet tile, causing her to sustain injuries.

At the close of the trial, defendants filed certain requests for rulings of law.

Included in these requests were:

"#7. A finding is not warranted that the defendants failed to use reasonable care to keep the common passageways in their control in the same condition they were or appeared to be at the time of the creation of the tenancy of the Andover Thrift Shop."

and:

"#15. A finding is warranted that there was no evidence of any defect in the construction of the vinyl asbestos floor."

The trial judge denied request #7, allowed request #15 and made certain findings of fact as follows:

"I find as a fact upon all of the evidence that the defendant was in control of a common passageway which was made of wood and which was not slippery when wet, at the time that the Andover Thrift Shop became a tenant of the defendant; and I further find that at a later date the defendant replaced the wooden floor with a tile floor which tile floor was slippery when wet, and that the defendant knew, or should have known of this condition. I further find that the defendant negligently allowed this condition to exist and failed to keep the common passageway in as safe a condition as it was at the time the tenancy began,

whereby the plaintiff a business invitee of Andover Thrift Shop and while in the exercise of due care was caused to fall upon this common passageway which was wet and in a slippery condition and sustained injuries."

We do not include the other requests for rulings of the defendants which were denied or disallowed. The denial of request #7 was prejudicial error and it is not necessary to consider the others.

■ The defendants were landlords in control of a common passageway. The plaintiff was a business invitee of a tenant of the defendants in the building in which the common passageway was located. The defendants' duty to the tenant was not to keep the common passageway in as good or safe a condition as that in which it was or appeared to be at the time of the letting, but rather to use reasonable care to do so. *Sneckner* v. *Feingold,* 314 Mass. 613, 614. *Healey* v. *Bedrick,* 352 Mass. 772.

■ It is clear that the plaintiff fell because of the wet slippery tile. There is no evidence of any defect in the construction of the floor. It is noted that request #15 to this effect was allowed by the trial judge. In the absence of a defect in the construction of the floor or a slippery condition in the tile due to wear and not natural to it, a conclusion of negligence on the part of the landlord was in error. *Battista* v. *F. W. Woolworth Co.,* 317 Mass. 179.

Tile of various kinds — ceramic, asphalt, vinyl, cork or plastic — has become one of the most widely used floor coverings on the market. It is not negligent for an owner to construct a floor out of any material commonly used for that purpose. And so the use in a building of concrete, marble, tile, terrazzo or hardwood floors, even though slippery and smooth, does not itself constitute negligence. *65 CJS Negligence § 81 (7)*.

The plaintiffs contend that because the tile floor was slippery when wet, and the wooden floor was not, that the tile floor was, therefore, not as safe as the wooden floor and in consequence, the defendants are liable. We do not agree. This is not an action of contract but rather one of tort for negligence. The substitution of a tile floor for a wooden one was not negligence and was not a breach of the duty owed the plaintiff by the defendants. *Sneckner* v. *Feingold,* 314 Mass. 613.

There being prejudicial error in the denial of the defendants' request for ruling #7, the finding for the plaintiff is vacated and a finding is ordered for the defendants.

S. J. Basile
   for Plaintiff
Paul A. Good
   for Defendant.